## FLENNER *v.* FLENNER.

HUSBAND AND WIFE.—A debt due the wife by the husband, before the marriage, was extinguished by the marriage, at common law, because her choses in action, rights and personal property vested in the husband, and she ceased to have a separate legal existence. But these rules are abrogated by the statutes of this State, (1 G. & H. 295, note 2; 1 G. & H. 379;

2 G. & H. 41), by virtue of which a judgment obtained by the wife against the husband before the marriage remains the separate property of the wife, and she may enforce its payment by execution, after the marriage.

MARRIAGE CONTRACT.—STATUTE OF FRAUDS.—Where the wife, before marriage, recovered a judgment against the husband, an agreement, that in consideration of the marriage, she would release the judgment, is void under the statute of frauds, unless in writing. The celebration of the marriage is not such a part performance of the contract as takes it out of the statute.

APPEAL from the *Warren* Common Pleas.

ELLIOTT, J.—This was a complaint for an injunction, filed by *David Flenner* against *Abigail Flenner*. The complaint is in two paragraphs. The facts presented by the first paragraph are these: The plaintiff and defendant were husband and wife, and on the 1st day of *November*, 1867, on a complaint for divorce and alimony filed by said *Abigail* against her husband, *David Flenner*, in the Court of Common Pleas of the county of *Warren*, a decree of divorce was rendered, and also a decree in favor of said *Abigail* for alimony, in the sum of three hundred and fifty dollars, payable in installments, as follows: fifty dollars in ninety days from the date of the decree; one hundred dollars to be paid on the 4th of *May*, 1868; one hundred dollars on the 4th of *November*, 1868; and one hundred dollars on the 4th of *November*, 1869, the two last installments to draw interest from the date of the decree; that on the 4th of *February*, 1868, the parties were again married, but separated again soon afterwards, the said *Abigail*, as is alleged, leaving her husband without just cause; that after the separation, and after the second installment of said decree for alimony became due and payable, said *Abigail* caused an execution to be issued on the decree, to enforce the payment of the sum of one hundred and fifty dollars, the amount of the first and second installments, by virtue of which the sheriff of said county levied on and seized the property of said *David*, and was about to sell the same for the payment of the sum of one hundred and fifty dollars. This paragraph

prays an injunction, upon the ground that by the second marriage between the parties the decree for alimony became and was released and discharged.

The second paragraph is the same as the first, with the additional averment that said *Abigail*, before and at the time of their second marriage, agreed that, in consideration that said *David* would again marry her, she would release said decree for alimony, on the record thereof, and that, confiding in her said promise and agreement, said *David* married her accordingly, but that said *Abigail* failed to enter said release of record, and now refuses to do so. The complaint was sworn to, and an application made to the judge of said court, at chambers, for an interlocutory order enjoining any further proceedings on said decree and execution until the final hearing of the complaint. *Abigail* appeared before the judge at chambers, and, having denied under oath the making of the agreement alleged in the second paragraph, demurred to the complaint. The demurrer was overruled, and a restraining order granted on the first paragraph of the complaint against any further proceedings on said decree and execution, except as to the sum of seventy-five dollars, being the amount of the attorney's fee in said cause, and also the costs therein, until the further order of said Court of Common Pleas. To all of which said *Abigail* excepted, and prayed an appeal to this court, which was granted. Did the judge err in granting the temporary injunction?

By the common law, the husband, by virtue of the marriage, was not only entitled to all the personal property and choses in action of the wife, which, when reduced to possession, became his absolute property, but also to the exclusive possession, use and control of her real estate during their joint lives. Indeed, the legal existence of the wife was deemed merged in that of the husband, and they became a unit, in contemplation of law, and hence all debts due to the wife from the husband before marriage became extinguished by the marriage. But this rigid rule of the

common law, yielding to a more enlightened and humane civilization, has been greatly relaxed, both in *England* and in this country, and especially in this State, by legislative enactment. It is provided by section 5 of the act touching the marriage relation and liabilities incident thereto, (1 G. & H. 374), that "no lands of any married woman shall be liable for the debts of her husband; but such lands, and the profits therefrom, shall be her separate property as fully as if she was unmarried; *provided*, that such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join." "Sec. 6. The separate deed of the husband shall convey no interest in the wife's land." And by an act passed in 1853, it is declared that "the personal property of the wife, held by her at the time of the marriage, or acquired during coverture by descent, devise or gift, shall remain her own property to the same extent, and under the same rules as her real estate so remains, and on the death of the husband before the wife, such personal property shall go to the wife, and on the death of the wife before the husband, shall be distributed in the same manner as her real estate descends, and is apportioned under the same circumstances." (1 G. & H. 295.)

The 8th section of the code provides that "where a married woman is a party" to an action, "her husband must be joined with her, except, 1. When the action concerns her separate property she may sue alone. 2. When the action is between herself and her husband, she may sue or be sued alone; but in no case shall she be required to sue or defend by guardian or next friend, except she be under the age of twenty-one years."

By these enactments, the legal existence of the wife, separate from that of her husband, is recognized. Her property, both real and personal, is declared to be her separate property, free from the control of the husband, except only that she cannot incumber or dispose of her real estate unless her husband joins in the conveyance; and it has been held that the same rule applies to her per-

sonal property. *Scott* v. *Scott*, 13 Ind. 225. So the wife may sue alone, where the cause of action relates to her separate property, and this right extends to a suit by the wife against her husband. *Williams et al.* v. *Miller*, 9 Ind. 100; *Scott* v. *Scott*, *supra*. A debt due to the wife by the husband, before the marriage, was extinguished by the marriage at common law, because her choses in action, rights and personal property vested in the husband, and she ceased to have a separate legal existence. These rules are abrogated by the statute, and the judgment in controversy remained the separate property of the wife, and she may enforce its payment by execution. The principle involved in this case was ruled in *Power* v. *Lester*, 23 N. Y. 527. There, the husband, before marriage, executed a mortgage, and subsequently married the mortgagee, and in a suit to foreclose the mortgage, subsequent to the marriage, it was held that the right of action upon the mortgage was not extinguished by the marriage. It was held in *Scott* v. *Scott*, *supra.*, that the wife could not sell or incumber her personal property without the assent of the husband, and it is therefore insisted that, though the judgment against the husband may remain the separate property of the wife, she cannot enforce its payment; that she may collect and use the interest on it, but the principal must remain in judgment. This conclusion by no means follows from the premises, nor is it at all consistent with the right of the wife to sue her husband. It would be a barren right, indeed, if, after the recovery of a judgment, the wife had no power to compel its payment. It is too clear to admit of argument, that the right of the wife to hold separate property, with the power to sue alone, when the action concerns such property, carries with it the right to reduce the property to possession or compel the payment of the judgment when recovered. We need not now discuss the question as to the right of the wife, when she comes into the possession of the money, to use it without the assent of the husband, in supplying her wants and necessities.

As to the second paragraph of the complaint, it would, perhaps, be sufficient to say that the record shows the injunction was not based upon it; but as it is claimed by the appellee's counsel that it shows a valid ground for the order, and if so, that the case should not be reversed, it may be proper that we pass upon it. We have seen that this paragraph only differs from the first by the additional averment that the appellant, in consideration of the second marriage, promised to release the judgment. The paragraph is not aided by this averment. It is conceded that the alleged agreement rests in parol; indeed, such is the legal inference from the averment, as it is not claimed to be in writing, and no copy of such a written agreement is filed with the complaint. *Harper* v. *Miller*, 27 Ind. 277. It is a promise made in consideration of marriage, and, not being in writing and signed by the appellant, is void under the third subdivision of section 1 of the statute of frauds. 1 G. & H., p. 349. "And the celebration of the marriage is not such a part performance of the contract as takes it out of the statute," as claimed by the appellee. 1 Parson on Con. 554, and cases cited in note (*u*). The complaint shows no valid ground for the interlocutory order of injunction, and the court therefore erred in granting it.

The order is reversed and set aside, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

*J. McCabe*, for appellant.

*B. F. Gregory* and *J. Harper*, for appellee.