———————o———————

## LIVESEY and Others *v* LIVESEY.

JURISDICTION.—*Title to Real Estate.*—A cause was transferred from the court of common pleas to the circuit court for the reason that the title to real estate was in issue, as appeared upon the face of the complaint.

*Held*, that the decision of the common pleas ordering the transfer was conclusive on the question of jurisdiction.

*Held*, also, that the ruling of the common pleas on demurrers to the complaint was *coram non judice* and void, and the action, when transferred, stood in the circuit court as an original cause brought therein.

STATUTE OF FRAUDS.—*Contract to Convey Land.*—In a suit for specific performance of a contract to convey real estate the complaint showed that the agreement to convey was not in writing, and there was no averment that possession of the land was given under the contract.

*Held*, that an answer of general denial did not raise the issue of the statute of frauds.

SAME.— *Waiver.*—If in such case the defendant does not insist on the statute of frauds, and the parol agreement is proved, or is admitted by the defendant, he thereby waives the requirements of the statute.

PRACTICE.—*Sufficiency of Complaint.*—The objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur; but a motion in arrest in the court below, or an assignment of that error in the Supreme Court is necessary to raise the question.

APPEAL from the Henry Circuit Court.

GREGORY, J.—The appellee commenced suit in the Common Pleas Court of Henry county against the appellants for specific performance, and for work and labor. The complaint is in three paragraphs. 1. That defendant Livesey, on the 21st of February, 1857, purchased of one Bundy a

tract of land, describing it, for eleven hundred dollars, for which sum the former became indebted to the latter; that the plaintiff was the son of defendant Livesey, and was then of the age of twenty-two years; that in consideration that the former would work for the latter until the land was paid for, the defendant Livesey agreed to convey and warrant to the plaintiff the land in question; that the defendant Livesey and wife executed a deed to the plaintiff conveying and warranting to him the land; that the deed was to be delivered to him in case he should work and labor for defendant Livesey until the land was paid for; that the plaintiff had performed his contract; that the deed was in the hands of defendant Stout; that a demand had been made on defendant Livesey for the deed, who refused to deliver it, or to permit Stout to do ●o. 2. Same as the first, omitting the allegations as to the deed. 3. Work and labor.

Prayer for specific performance, and for general relief.

The defendant, in the common pleas court, demurred to the first and second paragraphs of the complaint on the ground that neither of them stated facts sufficient to constitute a cause of action. The demurrer was overruled. The defendant filed a second demurrer to the same paragraphs of the complaint, on the grounds: first, that the court had no jurisdiction; second, that the paragraphs did not, nor did either of them, state facts sufficient to constitute a cause of action; third, that several causes of action were improperly united.

This demurrer the court sustained, and thereupon made the following order: "And it now appearing to the satisfaction of the court that the title to real estate is in issue in this cause, thereupon the court transfers said cause to the circuit court of Henry county, Indiana, and the clerk of this court is ordered forthwith to file the papers in this cause, together with a transcript of the entries of record in this court, to said Henry circuit court."

In the circuit court there was no notice taken of the

demurrers, but the defendants answered: first, the general denial; second, set-off. The plaintiff replied by the general denial.

Trial by the court; finding, "that the allegations in said complaint are true, and that said plaintiff is entitled to the possession of the deed referred to in said complaint as being in the hands of said defendant Elijah Stout."

Motion for a new trial, as follows: "1. The judgment is not sustained by the evidence, and is contrary to law. 2. For error of law occurring at the trial. 3. The judgment was for the plaintiff, when it should have been for the defendants."

The motion was overruled. The evidence is made a part of the record by a bill of exceptions.

The alleged errors assigned in this court are: "1. The said court erred in entertaining jurisdiction of said cause. 2. The said court erred in overruling the demurrer to the first and second paragraphs of the complaint first filed by the appellants. 3. The said court erred in overruling the appellants' motion for a new trial. 4. The said court erred in rendering a decree for a specific performance."

The common pleas court has no jurisdiction "when the title to real estate is put in issue," and when that appears on the face of the complaint it is the duty of the court to certify the case to the circuit court, in which latter court it stands for trial at the first term thereafter, "as if originally commenced therein." The decision of the common pleas court ordering the transfer is final. 2 G. & H. 22, sec. 11.

The ruling of the common pleas court in this case is conclusive on the question of jurisdiction. The want of jurisdiction appearing on the face of the complaint, it follows, that the ruling of the common pleas court on the demurrers was *coram non judice* and void, and the action stood in the circuit court as an original case brought therein.

Under the code requiring a copy of the instrument sued on to be made a part of the complaint, the allegations in

this complaint show that the agreement to convey was not in writing. The code provides that "all defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially." 2 G. & H. 93, sec. 66.

The denial therefore in this case did not raise the issue of the statute of frauds, it appearing on the face of the complaint that the contract to convey was not in writing, and there being no averment that possession of the land was given under the contract. The question should have been presented on demurrer in the circuit court before answer.

The plaintiff proved, and the court found, that the allegations of the complaint were true. In the absence of the statute of frauds, this clearly entitled the plaintiff to the relief sought.

It is competent for a defendant to waive the requirements of the statute of frauds. If, for instance, he admits the parol agreement, without insisting on the statute, the court will decree a specific performance, upon the ground that the defendant has thereby renounced the benefit of the statute. Story Eq. Pl. § 763; *Cozine* v. *Graham,* 2 Paige Ch. 177.

It is true, that the objection, that the complaint does not state facts sufficient to consitute a cause of action, is not waived by a failure to demur; but a motion in arrest in the court below, or an assignment of that error in this court, is necessary to raise the question. There is no such assignment of error in the case at bar.

It follows that the judgment in the court below must be affirmed.

The judgment is affirmed, with costs.

*M. L. Bundy, J. Brown,* and *R. L. Polk,* for appellants.

*J. H. Mellett* and *M. E. Forkner,* for appellee.