## FALL *v.* HAZELRIGG.

PRACTICE.—*Judgment, Exception to.*—*Assignment of Error.*—Where there has been no exception taken to the form of a judgment, or any motion made to change or modify it, no question is presented on appeal by an assignment of error in the judgment.

VENDOR AND PURCHASER.—*Landlord and Tenant.*—*Rent.*—Where possession of land is taken under a contract of purchase, the relation of landlord and tenant does not exist, and the vendee is not liable for rent.

SAME.—*Tender.*—*Specific Performance.*—The doctrine that a strict and unconditional tender followed by bringing the money into court is necessary, in order that the tender may be regarded as a payment at the time, has no application to the tender required before an action for specific performance of a contract for the sale of real estate.

SAME.—In an action for specific performance of a contract for the sale of real estate, it is sufficient to plead a tender and offer to bring the purchase-money into court, for the use of the vendor, whenever the amount shall be liquidated, and the decree shall be rendered for the performance.

STATUTE OF FRAUDS.—*Pleading.*—*Practice.*—Where upon the face of a pleading based upon a contract, it is shown that it was a parol contract, the question whether it was within the statute of frauds may be raised by demurrer or motion in arrest of judgment.

SAME.—*Vendor and Purchaser.*—*Specific Performance.*—Where a contract for the sale of land was made in the year 1865, and then possession was taken by the purchaser under and pursuant to the contract, and lasting and valuable improvements were made by him, and the purchase-money was to be paid in December of the year 1867, and the deed was to be made on demand after the payment of the purchase-money, and, accordingly, the money was paid and a deed was demanded;

*Held,* that although the contract could not be performed within one year from the making thereof, it was without the statute of frauds, and specific performance could be enforced.

SAME.—*Agreements Concerning Lands.*—The fifth subdivision of the first section of the statute of frauds (1 G. & H. 348, 349, 350), which declares that no action shall be brought " upon any agreement that is not to be performed within one year from the making thereof, unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting, however, leases not exceeding the term of three years," does not extend to agreements concerning lands.

PLEADING.—*Demurrer.*—Where to an answer alleging affirmative matter and praying for specific relief a demurrer was filed on the ground that the answer did not state facts sufficient to constitute " a defence to the action;"

*Held,* that the demurrer was sufficiently formal.

Fall *v.* Hazelrigg.

PRACTICE.—*Arrest of Judgment.*—A motion in arrest of judgment need not be in writing or point out the ground upon which it is based.

From the Boone Circuit Court.

*J. M. Cowan* and *T. Patterson*, for appellant.

*A. J. Boone* and *R. W. Harrison*, for appellee.

BUSKIRK, J.—The appellant instituted this action before a justice of the peace, to recover from the appellee for the use and occupation of a tract of land described in the complaint.

The appellee appeared and filed an answer, in which he alleged, in substance, that in the year 1865, he and the appellant entered into a parol contract, whereby the appellant agreed, in consideration of the fact that the appellee had married the daughter of appellant and the agreement to pay the appellant in the month of December, 1867, the sum of five hundred dollars, to sell and convey the said premises to the appellee, upon the payment of said sum of money and a demand for a deed; that under and in pursuance of said executory contract, the appellee was placed in the possession of the said premises; that he had made lasting and valuable improvements thereon, by clearing, fencing, etc.; that on the 31st day of December, 1867, he tendered to the appellant the said sum of five hundred dollars and demanded a deed for such land, which the appellant failed and refused to make; that he has continued to hold the said premises by virtue of said contract of purchase, and so continues to hold the same; that he offers to bring the said money into a court of competent jurisdiction, for the use of the appellant, and asks that the cause be certified to the circuit court for adjudication.

The cause was certified to the circuit court, and in that court the appellee, on leave taken, amended his answer by demanding a decree for the specific performance of said contract.

The appellee also on leave filed an additional paragraph.

VOL. XLV.—37

of answer, but as we think it only amounted to an argumentative denial, we shall take no further notice thereof.

A demurrer was overruled to the second paragraph of the answer, and the appellant excepted.

A reply was filed. The cause was submitted to a jury for trial, who returned a general verdict in favor of the appellee and answers to interrogatories submitted.

The appellant moved in arrest of any judgment upon the second and third paragraphs of the answer other than for costs, which motion was overruled, and appellant excepted.

Three errors are relied upon by appellant for the reversal of the judgment, and all others are expressly waived.

The errors relied on are:

1. In overruling the demurrer to the second and third paragraphs of the answer.

2. In overruling the motion in arrest of judgment.

3. In decreeing a specific performance of the contract and in ordering a deed to *be made to the appellee for the lands in dispute.

The first and second assignments of error present the same questions. The third presents no question, because there was no exception to the form of the judgment, nor any motion to change or modify the same. *Smith* v. *Dodds*, 35 Ind. 452.

We regard the second paragraph of the answer in the nature of a cross complaint, and the real question in the case is, whether the facts stated therein were sufficient to defeat the action of the plaintiff and to entitle the appellee to a specific performance of the contract.

The first objection urged to the answer is, that it will not defeat the right of the plaintiff to recover for the rent of 1868, because the answer only shows that the appellee retained possession of the land under the contract of purchase up to and including the year 1867. The objection is not well taken. We think it sufficiently appears from the cross complaint that the appellee took possession under the contract of purchase, and that by virtue of such contract he

was in possession when the action was brought. This shows that the relation of landlord and tenant never existed between the parties, and that consequently the appellee could not be liable for rent.

The second objection is, that there was not a sufficient tender of the five hundred dollars. It is conceded that the appellee, on the 31st day of December, 1867, tendered the five hundred dollars and demanded a deed, but it is insisted that the cross complaint does not show that he continued ready at all times to pay the money.

In a suit for specific performance, where money is due from the plaintiff, it is sufficient for him to offer in his complaint to bring it into court, whenever the sum shall be ascertained and he has a decree for performance. *Hunter* v. *Bales*, 24 Ind. 299; *Irvin* v. *Gregory*, 13 Gray, 215; *Lynch* v. *Jennings*, 43 Ind. 276.

In the present case, the money was tendered within the time specified in the contract, but was refused. The appellee in his cross complaint offers to bring the money into court for the use of the appellant.

A strict tender, followed by bringing the money into court, is regarded as a payment at the time; and the person pleading it cannot withdraw the money so deposited, whether the verdict be for the same or a greater amount than the sum tendered; but the same must be paid to the plaintiff. *Reed* v. *Armstrong*, 18 Ind. 446. But the doctrine in reference to a strict and unconditional tender has no application to a conditional tender, such as is required in an action for a specific performance. *Lynch* v. *Jennings, supra.*

The objection is not tenable.

It is, in the third place, contended that the parol contract set forth in the cross complaint, and upon which recovery was had, is void under the statute of frauds; not on account of its being a contract for the sale of lands, but because it was a contract not to be performed within a year from the time of making the same.

It is very earnestly insisted by counsel for appellee that

no question as to the statute of frauds arises in the record, because the statute was not pleaded.

On the other hand, it is claimed that as the cross complaint showed that the contract was by parol and was not to be performed within a year, the question was raised both by demurrer and by motion in arrest of judgment.

A contract within the statute of frauds is not illegal, but only not capable of being enforced without a writing. The question, therefore, must be raised by demurrer, by plea of the general issue, by answer, or by a special plea in bar, and if not raised in one of these modes it will be regarded as waived. The contract not being illegal, the courts will never interpose the statute, but it must be taken advantage of by demurrer, answer, or motion in arrest of judgment. Browne Stat. of Frauds, 484, sec. 508.

Browne, in section 513, says: "We have already seen that it is open to the defendant, if not his only proper course, to demur where the plaintiff expressly states that the agreement rests in parol. Where he does not by his allegations disclose whether it is in writing or not, the defendant may deny that it is in writing and insist upon the statute by his plea or answer."

In *Harper* v. *Miller*, 27 Ind. 277, it was said by this court, that "it was a well settled rule of pleading at common law, that where the contract must have been in writing under the statute of frauds, it was not necessary to show that fact in the declaration. 1 Chit. Pl. 222. The statute of frauds applies to the evidence, and not the pleadings. *Mills* v. *Kuykendall*, 2 Blackf. 47, and note 2; *Miller* v. *Upton*, 6 Ind. 53. But under our code, if the contract be in writing, a copy of it must be filed with the complaint, and if it is not alleged to be in writing, and no such copy is filed with the complaint, the presumption arises that the contract declared on is not a written one, and if the contract is such as is required by the statute of frauds to be in writing, the objection may be taken by demurrer."

The ruling in the above case has been adhered to in sev-

Fall *v.* Hazelrigg.

eral subsequent cases. *Flenner* v. *Flenner*, 29 Ind. 564; *Livesey* v. *Livesey*, 30 Ind. 398; *Musselman* v. *Kent*, 33 Ind. 457.

The case of *Livesey* v. *Livesey*, *supra*, is relied upon by counsel for appellee to show that the statute of frauds had been waived by the appellant. We do not think that case supports the position assumed. It is said in that case, that "the question should have been presented on demurrer in the circuit court before answer."

The following passage is relied upon: "It is competent for a defendant to waive the requirements of the statute of frauds. If, for instance, he admits the parol agreement, without insisting on the statute, the court will decree a specific performance, upon the ground that the defendant has thereby renounced the benefit of the statute. Story Eq. Pl., sec. 763; *Cozine* v. *Graham*, 2 Paige Ch. 177."

But the very next paragraph of the opinion very clearly shows that there has been no waiver of the statute in the case under consideration. It is said: "It is true that the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur; but a motion in arrest of judgment in the court below, or an assignment of that error" (i. e., that the complaint does not state facts sufficient) "in this court, is necessary to raise the question. There is no such assignment of error in the case at bar."

It is urged that the question does not arise on demurrer, because it was assigned for ground of demurrer that the second paragraph of the answer did not state facts sufficient to constitute a defence, when it should have been that it did not state facts sufficient to entitle the party to the specific relief prayed for. The objection is too technical to receive the approval of this court.

It is next insisted that the motion in arrest of judgment was defective, because it failed to point out any objection to the second and third paragraphs of the answer. The motion, omitting the formal parts, was as follows: "The plaintiff

moves the court in arrest of any judgment or decree in favor of defendant upon the second or third paragraphs of answer, other than judgment for costs."

A motion in arrest of judgment need not be in writing, nor need it point out the ground upon which it is based.

We proceed to inquire whether the contract set up in the cross complaint is within the statute of frauds.

The first section of our statute of frauds provides that no action shall be brought in any of the following cases:

" First. To charge an executor or administrator, upon any special promise, to answer damages out of his own estate; or,

" Second. To charge any person, upon any special promise, to answer for the debt, default, or miscarriage of another; or,

" Third. To charge any person, upon any agreement or promise, made in consideration of marriage; or,

" Fourth. Upon any contract for the sale of lands; or,

" Fifth. Upon any agreement that is not to be performed within one year from the making thereof, unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized; excepting, however, leases not exceeding the term of three years." 1 G. & H. 348–49–50.

The first four clauses relate to the subject-matter of the contract; while the fifth relates to the period of the performance of the contract.

The first question is, whether the contract was to be performed within one year from the making thereof.

That portion of the cross complaint which sets up the contract is as follows:

"The defendant for further answer to the plaintiff's complaint says, on or about —— day of ——, 1865, the plaintiff proposed that, in consideration that the defendant had before that time intermarried with the daughter of the plaintiff, and

the further consideration that the defendant would, in the month of December, 1867, pay to the said plaintiff the sum of five hundred dollars in lawful money, he would sell to the defendant the real estate mentioned and described in the plaintiff's complaint, and orally agreed that upon demand the said plaintiff would make, execute, and deliver, or cause to be made, executed, and delivered, to the said defendant, a good and sufficient deed of conveyance, so as to convey the title in fee in and to said tract of land to the defendant and his heirs, free from all incumbrance; that the defendant accepted the said proposition and orally promised to pay the said sum of five hundred dollars as aforesaid, and immediately, on the ——— day of September, in the year last aforesaid, was put in possession of said land and appurtenances by the said plaintiff pursuant to said contract," etc.

The complaint then alleges the making of lasting and valuable improvements, the tender of the said sum of five hundred dollars on the 31st day of December, 1867, the demand for a deed, the refusal of the plaintiff to make the deed, and the continued possession of the said land under the said contract.

The contract was made in 1865, and possession was then taken of the land. The purchase-money was to be paid in the month of December, 1867. The deed was to be made upon demand, but we think the fair construction of the contract is, that the deed was to be made on demand after the payment of the purchase-money. The contract then could not be legally performed before the month of December, 1867, which was more than one year from the making thereof. The vendor was not bound to receive the money before the time agreed upon for the payment, nor was the appellee entitled to a deed until he had paid the purchase-money and demanded a deed. It is quite obvious that the contract did not admit of a valid execution within the space of a year from the making. *Lower* v. *Winters*, 7 Cow. 263.

As to the kind of contracts intended in the clause under consideration, Browne says:

" The result seems to be that the statute does not mean to include an agreement which is simply not likely to be performed, nor yet one which is simply not expected to be performed, but that it means to include any agreement which, fairly and reasonably interpreted, does not admit of a valid execution within the space of a year from the making." Sec. 273, p. 277.

We have examined the following authorities, and find that they fully sustain the doctrine laid down by Browne in the above quotation: *Bracegirdle* v. *Heald,* 1 B. & Ald. 722; *Giraud* v. *Richmond,* 2 C. B. 835; *Sweet* v. *Lee,* 3 Man. & G. 452; *Souch* v. *Strawbridge,* 2 C. B. 808; *Boydell* v. *Drummond,* 11 East, 142; *Wain* v. *Warlters,* 5 East, 10; *Saunders* v. *Wakefield,* 4 B. & Ald. 595; 1 Saund. Wms. Ed. 211; 1 Smith Lead. Cas. 432, notes to *Peter* v. *Compton; King* v. *Welcome,* 5 Gray, 41; *Drummond* v. *Burrell,* 13 Wend. 307; *Shute* v. *Dorr,* 5 Wend. 202; *Squire* v. *Whipple,* 1 Vt. 69; *Tuttle* v. *Swett,* 31 Maine, 555; *Hill* v. *Hooper,* 1 Gray, 131; *Holloway* v. *Hampton,* 4 B. Mon. 415; *Neelson* v. *Sanborne,* 2 N. H. 413; *Johnson* v. *Watson,* 1 Ga. 348; *Rake's Adm'r* v. *Pope,* 7 Ala. 161; *Suggett's Adm'r* v. *Cason's Adm'r,* 26 Mo. 221; *Ellicott* v. *Turner,* 4 Md. 476; *Pierce* v. *Paine's Estate,* 28 Vt. 34; *Lockwood* v. *Barnes,* 3 Hill N. Y. 128; *Broadwell* v. *Getman,* 2 Denio, 87; *Thomas* v. *Dickinson,* 14 Barb. 90; *King* v. *Brown,* 2 Hill N. Y. 485; *Parker* v. *Wells,* 6 Whart. 153; *Adams* v. *Townsend,* 1 Met. 483; *Thompson* v. *Gould,* 20 Pick. 134; *Lane* v. *Shackford,* 5 N. H. 130; *Kidder* v. *Hunt,* 1 Pick. 328; *Herrin* v. *Butters,* 20 Maine, 119; *Norton* v. *Preston,* 15 Me. 14; *Ham* v. *Goodrich,* 37 N. H. 185; *Wilson* v. *Ray,* 13 Ind. 1.

It is admitted by counsel for appellant that the contract for the purchase of the land was taken out of the operation of the fourth clause of our statute of frauds by acts of part performance, but it is earnestly insisted that the contract is void, because it was not to be performed within one year from the making thereof, as required by the fifth clause of the above quoted section.

It is, on the other hand, insisted by counsel for appellee that the fifth clause of the first section of our statute of frauds has no application to the sale of lands.

Browne, in speaking of the fifth clause, says : "It manifestly includes them all to a certain extent; that is, a contract which any one of them would render invalid on account of the subject-matter, may be, so to speak, doubly invalid if it is to be of longer than a year's duration.   But it includes also all those contracts which are of such a duration, whatever be their subject-matter."   Sec. *272*, p. *275.*

In support of the above proposition, the learned author refers to several cases, but upon examination we find that none of them related to contracts for the sale of real estate, and consequently do not support the proposition that a parol contract for the sale of lands which has been so far performed as to take it out of the operation of the fourth subdivision of the first section of our statute of frauds will be void, because it was not to be performed within a year from the making thereof.   It is a well settled rule of construction, that a cotemporary exposition of a constitution or a statute, practised and acquiesced in for a period of years, fixes the construction; and the courts will not shake or control it. *Stuart* v. *Laird,* 1 Cranch, 299; *M'Culloch* v. *State of Maryland,* 4 Wheat. 316; *Briscoe* v. *The Bank, etc., of Kentucky,* 11 Pet. 257; *Prigg* v. *The Commonwealth of Pa.,* 16 Pet. 539; *New Jersey Steam Navigation Co.* v. *The Merchants' Bank,* 6 How. 344; *The West River Bridge Co.* v. *Dix,* 6 How. 507; *Cooley* v. *Board of Wardens of Port of Philadelphia,* 12 How. 299; *The Propeller Genessee Chief* v. *Fitzhugh,* 12 How. 443.

It is also a well established rule of construction, that when a statute has received a judicial construction of the court of the State where it was in force, and the same statute has been re-enacted in another state with the same provision which has been the subject of judicial discussion and decision, the legislature is understood to have adopted the construction given. *Myrick* v. *Hasey,* 27 Maine, 9; *Bond* v. *Appleton,* 8 Mass. 472; *Rutland* v. *Mendon,* 1 Pick. 154.

It was held in *Adams* v. *Field*, 21 Vt. 256, that when an English statute, which has received a fixed and known construction, is adopted in this State, it must receive the same construction here, and this upon the ground that such was the implied intent of the legislature.

Our statute of frauds has been substantially borrowed from the statute of 29 Charles II., chap. 3, sec. 4, which was adopted A. D. 1676. The earliest case placing a construction on such statute on the point under examination is *Hollis* v. *Edwards*, 1 Vernon, 159, which was decided in 1683, only some seven years after the passage of the statute of frauds. In that case, it was held that the fourth section which required the contract to be performed within one year from the time of making the same did not extend to any agreement concerning lands or tenements. The ruling in the above case was followed in the subsequent cases of *Boydell* v. *Drummond*, 11 East, 142; *Bracegirdle* v. *Heald*, 1 B. & Ald. 722. We have found several decisions in this country holding the same way. *Sobey* v. *Brisbee*, 20 Iowa, 105; *Young* v. *Dake*, 1 Selden, 463; *Wilson* v. *Martin*, 1 Denio, 602.

In *Sobey* v. *Brisbee, supra,* the court say: "And it is conceded by counsel that this case involves a construction of sections 4006, 4007 and 4008, known as a part of our 'statute of frauds.' These sections declare, as far as material to be here noted, that no evidence, unless it be in writing, is competent to establish the following contracts: * * Subd. 4. 'Those for the creation or transfer of any interest in lands except leases for a term not exceeding one year. 5. Those that are not to be performed within one year from the making thereof.'

"This contract was for a lease not exceeding one year, but it was not to be fully performed or executed within one year from the making thereof. Defendant insists that it comes within the fifth subdivision, and is therefore void because not to be fully performed within one year from its date. And he further insists that as it was for a term to com-

mence *in futuro*, and not to be fully ended and terminated within one year from the time of making the same, it is void under the fourth subdivision.

"In our opinion, the fifth subdivision was not intended to apply to contracts for the creation or transfer of an interest in lands. Such contracts are invalid, subject to the exceptions stated, though to be performed within one year after making the same. There is a large class of cases, as we know, to which this provision applies and which it was intended to meet, without including agreements in relation to real property. Then, again, the prior subdivision (the fourth) applies in terms and by the use of apt words to real estate contracts. And such is the construction which this part of the statute of frauds has elsewhere received."

In *Young* v. *Dake, supra*, the court say: "That provision of the statute is a part of title II. of the statute to prevent frauds in conveyances and contracts; and the whole of that title and all its provisions has reference only to 'fraudulent conveyances,' and contracts relative to 'goods, chattels, and things in action.' It is very obvious that none of its provisions have any application to, or effect upon, contracts or agreements concerning lands. The first title of the statute performs that office. The second title applies to contracts and transactions affecting personal property only."

By the strict letter of the fourth subdivision of the first section of our statute of frauds, and by the corresponding section of the statute of 29 Charles II., no contract for the sale of lands or tenements could be enforced, unless in writing; but the courts of equity have engrafted thereon the principle that where the purchaser has taken possession of the lands sold, and has made lasting and valuable improvements thereon, in pursuance of the contract, and in view of the completion of such agreement, a specific performance of the contract will be enforced. By the statute of frauds, the contract for the sale of lands will not be enforced because it is not in writing. The principle upon which part performance will take the contract out of the operation of

the statute is, that such part performance is equivalent to a writing in preventing frauds and perjuries. The possession of the purchaser must be in pursuance of the contract, and open and visible, and the improvements made must be lasting and valuable. These acts are regarded as sufficient safeguards against frauds and perjuries. Part performance on the part of the purchaser, with an offer to perform in full, will be sufficient to compel the vendor to perform his part, by conveying the property. As we have seen, contracts affected by the fifth subdivision must show that they are fully performed within one year, or they will not be enforced. Full performance by one of the parties is not sufficient. Then how can the fifth subdivision, which requires full performance within the time named, extend to the contracts embraced by the fourth subdivision, which may be taken out of the operation of the statute by part performance? When such acts have been done in part performance of a contract for the purchase of lands as will entitle the purchaser to a specific performance, it is no longer affected by the statute. The object of the statute, in requiring contracts for the sale of lands to be in writing, was to prevent persons, by fraud and perjury, from asserting unjust claims to lands. Courts of equity have held that the mischiefs intended to be remedied by a writing can be as effectually prevented by open and visible acts of part performance. Such acts of part performance take the place of the writing required by the statute. In such case, it can make no difference whether the contract is performed in one or five years, as the purchaser will not rely solely upon parol evidence of the contract, but upon his open and undisputed possession of the land purchased, and his expenditure of money on the erection of valuable and permanent improvements; all of which acts are open and visible to all.

There is no error in the record.

The judgment is affirmed, with costs.