## BRENNER v. BRENNER ET AL.

STATUTE OF FRAUDS.—*Contract in Consideration of Marriage.—Divorce.— Alimony.*—A wife obtained a divorce from her husband and also a judgment for alimony. Afterward, the parties remarried, the judgment being unpaid. They were again divorced, and alimony was granted the wife a second time. The husband, after the second divorce, filed his complaint to enjoin the collection of the first judgment, on the grounds, first, that the judgment plaintiff agreed, in consideration that he would remarry her, she would release said judgment; second, that the judgment was satisfied by the second judgment for alimony, the court having then made a thorough investigation of his ability to pay.

*Held*, that the promise to release the first judgment in consideration of the remarriage was void by the statute of frauds, because not in writing.

*Held*, also, that there was nothing in the second ground inconsistent

with the idea that the defendant was liable upon the first judgment.

From the Spencer Circuit Court.

*E. R. Hatfield, J. W. Laird,* and *S. R. Downey,* for appellant.

*C. L. Wedding* and *G. L. Reinhard,* for appellees.

DOWNEY, J.—This was an action to enjoin the collection of a judgment in favor of the appellee Dorothea Brenner against the appellant. The other defendants were the clerk, who had issued an execution on the judgment, and the sheriff, who was about to collect the same.

So many of the facts as it is necessary to state may be given as follows:

On the 29th day of December, 1843, Charles P. Brenner and Dorothea Brenner were married. At the March term, 1871, of the circuit court, they were divorced, and she was allowed alimony in the sum of eighteen hundred dollars. Three hundred dollars of the amount was paid. The parties then again intermarried. At the May term, 1872, of the common pleas, they were again divorced, and she was allowed fourteen hundred dollars alimony. It is now insisted by the appellant that he should not pay the first judgment for alimony, and the reasons why, as stated in the complaint, are:

1. That she agreed that if he would again marry her she would release him from the payment of the same.

2. That the judgment was satisfied by the second judgment, the court having then made a thorough investigation of the plaintiff's ability and means with which to pay.

As to the first ground, we think the case of *Flenner* v. *Flenner,* 29 Ind. 564, is in point, and requires us to decide it against the appellant. As to the second, we think there is nothing in the fact that the court inquired into the means of the appellant and his ability to pay, inconsistent with the idea that he was liable for and must pay the first judgment. It does not appear that the court may not have made the amount of the alimony, on granting the second divorce, less

than it would have been made had the appellant not been liable to pay the first judgment.

Another question is as to the authority of the court to try and dispose of the cause. An affidavit for a change of venue from the judge had been filed by the appellant, ·and the cause was, by agreement of the parties, set down for trial before an attorney of the court, having the necessary qualifications and being duly sworn. The record shows that the cause was submitted to the court on a motion to dissolve the temporary injunction which had been granted, and to dismiss the action, and that this motion was sustained.

The bill of exceptions does not show on what grounds the court acted in dismissing the action. We think no objection can now be made, if there ever was any, to the authority of the court to hear and decide the case.

The judgment is affirmed, with costs.