RAINBOLT v. EAST, ADMINISTRATOR.

STATUTE OF FRAUDS.—*Entirety of Contract.—Contract in Contemplation of Marriage.—Contract for Sale of Real Estate.*—A man and woman, each owning real estate and personal property, intermarried, and before their marriage, and in contemplation thereof, it was mutually agreed between them by parol, that upon the death of either of them after marriage the survivor should not claim any of the real estate or personal property which might be owned by the decedent at the time of death.

*Held,* in an action brought by said woman, after the death of her said husband, against the administrator of his estate, to recover the five hundred dollars allowed to a widow by statute out of her deceased husband's estate, that said contract was not within the provision of the statute of frauds prohibiting an action to charge any person upon any agreement or promise made in consideration of marriage, unless in writing; but that, so far as said agreement related to real estate, it was within the clause of the statute of frauds which prohibits an action upon a contract not in writing for the sale of real estate, etc.; and that said contract was not severable, and, therefore, it could not be enforced against said widow in said action.

From the Greene Circuit Court.

*A. G. Cavens* and *E. H. C. Cavens,* for appellant.

*J. D. Alexander, E. E. Rose* and *E. Short,* for appellee.

PERKINS, C. J.—Suit by the plaintiff, against the administrator of Jesse Rainbolt's estate, to recover the five hundred dollars allowed a widow by statute out of her deceased husband's estate. 2 R. S. 1876, p. 507, sec. 43.

In addition to the general denial, the defendant filed two special paragraphs of answer, the first of which was as follows: " The defendant admits the marriage alleged by plaintiff, the death of her said husband, that the plaintiff is his widow, and that her said husband died the owner of personal and real property; that defendant is administrator upon his estate; that plaintiff, before suit, demanded the five hundred dollars, and that he refused to pay, etc. But he says that said plaintiff was the second wife of said decedent, and that there was no issue of said marriage; that, at the time of said marriage, said plaintiff was a widow and said decedent a widower, and

each owned personal and real estate in their own right and had children living, the issues of former marriages; and that, prior to the marriage of plaintiff and decedent, it was mutually agreed between them, that if, after their marriage, said plaintiff should die, prior to her said husband, her said husband would not claim any of the real or personal property of said plaintiff, that she might own at her death; and that, if her said husband should die before the said plaintiff, she would not claim any of the real or personal estate of her said husband, that he might own at his death; that said contract was the inducement to said marriage; that said contract was reduced to writing, and signed by both parties to it prior to their marriage, and duly acknowledged; that since the death of said Jesse the said contract had been lost or destroyed," etc.

A second affirmative paragraph of answer was filed, precisely like that copied, with the exception that it did not aver that the contract was in writing and lost.

A demurrer to these affirmative paragraphs was overruled; a reply in denial was filed; there was a trial by the court, and a finding for the defendant. A motion for a new trial was denied, and final judgment in the cause rendered. The evidence is in the record, and it tends to establish the parol contract set up in the second affirmative paragraph of answer. The court held the contract in part valid and separable. The contract, in this case, between the parties, was not made in consideration of marriage, but rather in contemplation of marriage; and the consideration was the mutual relinquishment of prospective property rights. In this respect the case is, in principle, like *Riley* v. *Riley*, 25 Conn. 154. In that case, the parties, on the eve of marriage, agreed that certain promissory notes, which Mrs. Riley, then single, held on Mr. Riley, should not be extinguished by the marriage, but should remain her separate property, collectible out of his estate, if she would forbear to insist on their pay-

ment before marriage. In delivering the opinion of the court, ELLSWORTH, J., says:

"As to the objection derived from the statute of frauds and perjuries, we think there is no ground for it. The ante-nuptial promise was made in consideration of forbearance, and not in consideration of marriage, though it was made in contemplation of marriage, which is not inconsistent with the claim of the appellant's counsel, that a promise in consideration of marriage must be in writing. Marriage was not the meritorious cause of Riley's promise; the marriage obligation was already perfect, and the promise in question was made upon the assumption that it was so, and for the exact purpose of saving the notes from the effect of the marriage, when the marriage contract should be executed." For contracts in consideration of marriage, see *Flenner* v. *Flenner*, 29 Ind. 564, and *Brenner* v. *Brenner*, 48 Ind. 262. See also, in this connection, *Houghton* v. *Houghton*, 14 Ind. 505; and 1 Bish. on the Law of Married Women, secs. 806-807, and notes; *Richards* v. *Richards*, 17 Ind. 636.

The contract is not within that clause of the statute of frauds, which prohibits an action to be brought, "to charge any person, upon any agreement or promise made in consideration of marriage," unless, etc. 1 R. S. 1876, p. 503, sec. 1, clause 3.

But a part of the contract is within that clause of the statute, which prohibits an action upon a contract for the sale of real estate, etc., unless the contract is in writing. 1 R. S. 1876, p. 504, sec. 1, clause 4.

A part of the contract relates to personal property which might be sold by a parol contract. This suit relates alone to personalty; but the answer avers, and the proof shows, that the contract was an entirety for both kinds of property, and was by parol, and the question is, is it one that is separable so as to permit a recovery as to a part, or is it inseparable, so that the whole is incapable of enforcement by law?

Parsons (vol. 2, p. 517,) lays down the rule as to the severance of contracts thus: "If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable. And the same rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the latter is in its nature single and entire."

In Browne on the Statute of Frauds, p. 135, sec. 140, it is said: "It is clear that if the several parts or items of an engagement are so interdependent that the parties can not reasonably be considered to have contracted but with a view to the performance of the whole, or that a distinct engagement as to any one part or item can not be fairly and reasonably extracted from the transaction, no recovery can be had upon such part or item, however clear of the statute of frauds it may be, or whatever be the form of action employed. The engagement in such case is said to be entire."

We give one more extract. It is from the case of *Rand* v. *Mather*, 11 Cush. 1: "On principle and according to numerous modern adjudications, the true doctrine is this: If any part of an agreement is valid it will avail *pro tanto*, though another part of it may be prohibited by statute; provided the statute does not, either expressly or by necessary implication, render the whole void; and provided, furthermore, that the sound part can be separated from the unsound, and be enforced without injustice to the defendant. * * In the application of this doctrine, Chancellor KENT says: 'If the part which is good depends upon that which is bad, the whole is void; and so I take the rule to be, if any part of the consideration be *malum in se*, or the good and the void consideration be so mixed, or the contract so entire that there can be no apportionment.' 2 Kent Com. (6th ed.) 467."

In the case before us, the contract is entire and not severable. We can not say that its severance would not work injustice. Unless the contract had included both the real and personal property of the parties, we can not know that the contract would have been made at all; nor have we any means of determining how much influence, in bringing about the entire contract, the fact that the contract embraced the real property as well as the personal exerted. This fact disposes of the case, and renders it unnecessary that the court should examine the ruling upon the demurrer to the paragraphs of answer, with reference to the mode of taking advantage of the statute of frauds. See, however, on this point, *Fall* v. *Hazelrigg*, 45 Ind. 576, and cases cited.

The judgment is reversed, with costs, and the cause remanded, for further proceedings.