## Catherine M. Austin v. Caroline B. Kuehn, et al.

### Gen. No. 11,019.

1. STATUTE OF FRAUDS—*scope of*, as applying to agreements made upon consideration of marriage. Such portion of the Statute of Frauds applies to any agreement to enter into any duty or office in consideration of another contracting a marriage, whether with the promisor or a third person, and includes an agreement by one to bequeath money to another in consideration of such other's marrying a third person.

2. MEMORANDUM—*what not sufficient to satisfy Statute of Frauds.* A card (not produced) with the name of the alleged promisor printed on one side and containing the figures " $7,500 " on the other, is not such a memorandum as will satisfy the Statute of Frauds and support an alleged agreement to bequeath the sum of $7,500.

Claim against deceased's estate for legacy claimed to have been orally promised. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed December 21, 1903. Rehearing denied January 14, 1904.

WILLIAM A. DOYLE and PLINY B. SMITH, for plaintiff in error.

HENRY R. BALDWIN, for defendants in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Plaintiff in error filed in the Probate Court of Cook County, the following claim :

" Estate of James E. Baker, deceased,
to
Catherine M. Austin, Dr.

To amount which said James E. Baker, in his lifetime, agreed to bequeath to said Catherine M. Austin, in his last will and testament, in accordance with the agreement hereinafter set forth .............................$7,500.00

CREDIT.

By cash paid on account of the same in
  said Baker's lifetime,................ $200.00
By cash paid on account of the same in
  said Baker's lifetime............... 200.00      400.00
                                       _____   _____
         Balance due...........                   $7,100.00

Austin v. Kuehn.

Terms of agreement between Catherine M. Austin and James E. Baker above referred to : The claimant, Catherine M. Austin, was, in his lifetime his servant and employed in his family, and relied and depended greatly upon his advice and counsel; that claimant was sought in marriage by two different men; that said Baker volunteered and offered to investigate and ascertain the character and standing of the said two men for the benefit of claimant, and did so, and afterwards informed claimant that he had so done, and that one of them named Diamond was of better character and standing and more suitable as a husband for claimant than the other; and thereupon stated and represented to claimant that if she would marry said Diamond and refrain from marrying the other man that he, said Baker, would bequeath and leave to claimant in his will the sum of $10,000; and thereupon the claimant, relying upon the promise of the said Baker, did enter into marriage with said Diamond, and lived with him as his wife during his lifetime.    That afterwards, and upon or about the 15th day of November, 1889, the said Baker, in consideration that the claimant would surrender and deliver to said James E. Baker certain letters which he had written to claimant, and which were in her possession and which said Baker desired to repossess himself of, promised and agreed that he would pay her the sum of $2,500 in cash on account of said $10,000 which he had theretofore agreed to bequeath to claimant in his will, and would bequeath to her in his last will and testament, to be duly made and executed, the sum of $7,500; that thereupon said claimant delivered to said Baker said letters and he thereupon paid to her said sum of $2,500 in cash.    That said Baker thereafter in his lifetime paid to said claimant on account of said sum, agreed to be bequeathed to her, the sum of $400 in cash, leaving the sum of $7,100 still due her; but that said Baker did not, in his last will and testament, bequeath to her the sum of $7,100, or any part thereof, whereby a right of action has accrued to her for said sum of $7,100."

The Probate Court disallowed the claim and plaintiff, formerly Mrs. Diamond, but now Mrs. Austin, appealed to the Circuit Court, which court disallowed the claim, and this writ of error was sued out.    The only evidence to support the claim was the deposition of Walter B. Sayler, formerly attorney for plaintiff in error, who now resides in Missouri.    No evidence was introduced by defendants in

error. Mr. Sayler's testimony as to the claim of plaintiff in error, that James E. Baker, deceased, promised to bequeath to her $10,000 in his will, consisted of oral statements to that effect, made by Baker in his lifetime, in interviews between him and Mr. Sayler, the latter being at the times of such interviews, the attorney of plaintiff in error, and, as such, representing her. No written evidence of the promise was produced. Mr. Sayler's evidence tended to prove the alleged promise. Defendants rely on the Statute of Frauds.

Section 1 of the Statute of Frauds provides that "no action shall be brought, whereby to charge * * * any person upon any agreement made upon consideration of marriage * * * unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

" No agreement or memorandum or note, such as is mentioned in the statute, was produced in the present case. It appears to have been once considered that the statute applied only to these cases of marriage settlements, properly so called, but it is now settled, at least by American authority, that it is not so limited, but extends to any agreement to undertake any duty or office in consideration of another's contracting a marriage, whether with the promisor or a third person." Browne on Stat. of Frauds, 4th Ed., Sec. 215a.

A promise by B to release a decree against A if A would marry her, which A did, if not in writing, is within the statute. Flenner v. Flenner, 29 Ind. 564; Brenner v. Brenner, 48 Ind. 262.

A parol agreement between A and B that if B would marry A the latter would convey certain lands to B, is within the statute. Henry v. Henry, 27 O. St. 121; see, also, in matter of Willoughby, 11 Paige, 257; Reade v. Livingston, 3 Johnson's Ch. 482; Brown v. Conger, 8 Hun, 625; Andrews v. Jones, 10 Ala. 400, 402; Chase v. Fritz, 132 Mass. 359; White v. Bigelow, 154 Mass. 593; Richardson v. Richardson, 148 Ill. 563.

Counsel for plaintiff in error seem to rely somewhat on the delivery of certain letters by Sayler to Baker, deceased, as a consideration for the alleged promise, but the claim filed by plaintiff in error is that a bequest of $10,000 was promised by Baker, and the alleged agreement shows that Baker advanced $2,500 in money on account of his receipt of the letters. Sayler testified that Mr. Baker, after he had executed a promissory note for $2,000, which he subsequently paid, and which, with $500 previously paid, made the $2,500 credited on the $10,000, gave to Sayler a card, with the name James E. Baker printed on one side of it, and on the other side the figures $7,500. The card was not produced. This, clearly, was not such an agreement, note or memorandum, in writing, as is required by the statute. The alleged promise having been merely oral, no action can be maintained on it.

The judgment will be affirmed.

*Affirmed.*