## BAILEY *v.* EPPERLY.

The defendant entered into a written agreement to deliver to the plaintiff a certain quantity of pork at *Fairhaven,* for certain prices, and delivered a portion of it, when a verbal agreement was made by the parties that the residue on the contract, and all the defendant had, be delivered at *Hamilton,* for a higher price, within a reasonable time. Assumpsit was brought for the failure of the plaintiff to so deliver the pork at *Hamilton.* There was no averment or proof of a waiver by the plaintiff of his right to demand a delivery of the remainder under the written contract, or that such a waiver formed a part of the consideration of the contract on which suit was brought, or was accepted by the defendant. *Held,* that the contract was void under the statute of frauds, and the plaintiff could not recover.

ERROR to the *Wayne* Circuit Court.

*Friday,
May 31.*

SMITH, J.—Assumpsit by the defendant in error against the plaintiff in error. Plea, the general issue. Verdict and judgment in favor of the plaintiff for 227 dollars damages.

The facts disclosed in evidence were to the following effect:

*Bailey* and *Epperly* made an agreement in writing in *January*, 1847, for the delivery, by *Bailey* to *Epperly*, of 60,000 pounds of bulk pork and 60 barrels of lard, and as much more of those articles as *Bailey* had to spare, at *Fairhaven, Ohio*, by the 1st of *March* then next ensuing, at the price of 3 dollars and 45 cents per hundred weight for the pork, and 6 cents per pound for the lard, to be paid on the delivery of the pork and lard, if so required by *Bailey*. *Bailey* delivered some 58,000 pounds of the pork and 61 barrels of lard according to the contract; and, after such delivery, in *February*, 1847, a parol agreement was made by the parties, that the residue of the pork remaining to be delivered under the first contract, and all the pork and lard *Bailey* then had on hand, should be delivered at *Keck's* pork house in *Hamilton, Butler* county, *Ohio*, within a reasonable time, at the price of 4¾ cents per pound for the pork and 6¾ cents per pound for the lard. This suit was brought to recover damages for the failure of *Bailey* to deliver the specified quantities of pork and lard, at *Hamilton, Ohio*, under the last agreement.

The counsel for *Bailey* contend that the contract sued upon is void under the statute of frauds.

On the part of the defendant in error it is insisted that *Epperly's* agreement to waive the delivery of a sufficient quantity of pork to make up 60,000 pounds, at *Fairhaven*, and to pay a higher price at *Hamilton*, was part of the consideration of the new contract, and a sufficient part payment to take the case out of the statute.

It is not averred in the declaration that the waiver by *Epperly* of his right to demand the delivery of the remainder of the pork, under the contract first entered into, at *Fairhaven*, formed a part of the consideration of the contract upon which this suit is brought, or was accepted by *Bailey* as such, nor is there any proof to that effect. *Bailey* was to receive a higher price for about 2,000 pounds of pork remaining undelivered under the first

contract, but the addition to the price may have been of- <span>May Term, 1850.</span> fered for the purpose of inducing him to deliver a larger quantity, alluded to in the new contract as "all the pork and lard he had on hand," at the time the new or second contract was made. Whether *Bailey* was benefited by this new contract depended on the quantity of those articles he had on hand and the market price at the time.

We do not think there is anything in the facts thus shown that can be considered proof of part payment. The words of the statute are as follow:

"No contract for the sale of any goods, wares, or merchandize, for the price of 50 dollars or more, shall be good or valid, unless the purchaser shall accept and receive part of such property so sold, or shall give something in earnest to bind the bargain, or in part payment; or unless some note or memorandum in writing be made and signed," &c. R. S. p. 590, s. 7.

The defendant in error does not claim that there was any memorandum in writing of the contract for the breach of which the suit was brought, or that any part of the property was delivered. Nor does he claim that any payment was made except by his waiver to require the completion of the contract first made. We, therefore, think the judgment is erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial, &c.

*C. H. Test* and *J. Perry*, for the plaintiff.

*J. S. Newman* and *J. B. Julian*, for the defendant.