## Miller *v.* Upton.

If *A.*, being indebted to *B.*, puts in the hands of *C.* promissory notes, or other securities, with a request that *C.* shall deliver them, or pay the proceeds thereof, or a sum of money less than the value thereof, as the case may be, to *B.*, and *C.* promises *B.* that he will do so, the promise is founded upon a consideration.

The statute of frauds applies to the rules of evidence and not to those of pleading.

ERROR to the *Wells* Circuit Court.

Hovey, J.—*Miller* sued *Upton* in an action of assumpsit before a justice of the peace. The declaration contains three counts. The substance of the first count is that the defendant, on the 16th day of *December*, 1850, in consideration that one *Lewis S. Grove* was indebted to the plaintiff in the sum of 83 dollars, and in consideration that *Grove*, at the special instance and request of the defendant, had deposited in the hands of the defendant "a large amount of securities, viz., the amount of one hundred dollars," the defendant then and there, at the request of *Grove*, undertook and promised the plaintiff to deliver said securities to said plaintiff when requested. The count avers a request and a refusal to deliver the securities.

The second count is substantially the same as the first, except it states that *Grove* had placed in the hands of the

defendant promissory notes of the value of 100 dollars, and that the defendant then and there, and at the request of *Grove*, undertook and promised the plaintiff to pay him said sum of 83 dollars, &c.

The third count states that the defendant, in consideration that *Grove* had before that time placed in his hands 100 dollars in vendue notes, and in consideration that *Grove* was indebted to the plaintiff in the sum of 83 dollars, and in consideration that *Grove* by his written order then and there directed the defendant to deliver to the plaintiff 100 dollars of said notes, the defendant undertook and promised the plaintiff to deliver him 83 dollars of said notes. Refusal to deliver averred, &c.

To these counts the defendant demurred, and the justice overruled the demurrer and gave judgment for the plaintiff. From that judgment the defendant appealed to the Circuit Court, and there, at the *August* term, 1853, filed demurrers to each count, alleging that said counts "did not state facts sufficient to constitute a cause of action." Other special causes were also assigned, but as they are not within section 50, 2 R. S. 1852, p. 38, we are not required to give them any further consideration.

The Court below sustained the demurrers, and rendered judgment against the plaintiff for costs, whereupon he appealed to this Court.

We think the Court erred in sustaining the demurrers. The counts state facts sufficient to constitute a consideration for the promises alleged to have been made by the defendant to the plaintiff, and it is not necessary to show in the declaration that such promises were reduced to writing, as the statute of frauds applies to the evidence and not to the pleadings. A declaration which would have been good before the enactment of that statute, would still be unobjectionable, although the evidence which would have formerly been sufficient to support the action might be wholly insufficient under the statute of frauds. See *Mills* v. *Kuykendall*, 2 Blackf. 47, and note 2.

The case of *Decker* v. *Shaffer*, 3 Ind. R. 187, referred to by counsel on both sides, has but little to do with the

question before us, as it was decided upon its merits, and Nov. Term, 1854. not upon the pleadings; and the cases of *Farlow* v. *Kemp*, 7 Blackf. 544, and *Salmon* v. *Brown*, 6 *id.* 347, have but HORD v. THE CORPO-RATION OF NOBLESVILLE. little analogy to this, as the declarations in those cases did not show any privity of contract, or promise by the defendants to the plaintiffs. The assumpsits attempted to be established in those cases were implied, but the declaration in this case charges an express promise.

We will not, at this time, express any opinion as to whether parol proof could sustain the declaration, as that question is not properly before us; but there can be no doubt that a written promise by the defendant would be admissible for that purpose. The demurrers should have been overruled.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*B. Burns* and *J. P. Greer*, for the plaintiff.

*J. R. Slack*, for the defendant.