HARPER and Another *v.* MILLER and Others.

STATUTE OF FRAUDS.—PLEADING.—At the common law, where a contract required by the statute of frauds to be in writing was declared upon, it was not necessary to show in the declaration that the contract was in writing.

SAME.—But under the code, where a contract in writing is the foundation of an action, a copy of the contract must be filed with the complaint, and if it is not alleged to be in writing, and no such copy is filed, the presumption arises that the contract is not in writing, and if the contract be such as is required by the statute of frauds to be in writing, the objection may be taken by demurrer.

SAME.—But if the contract be such as might be valid without a writing, as a contract for the sale of goods, where there is part payment, &c, the objection cannot be raised by demurrer. The statute operates as a rule of evidence, and not upon the pleadings.

MEASURE OF DAMAGES.—*Semble,* that in a suit to recover damages for the non-delivery of goods, the damages sustained by the purchaser by reason of his inability, in consequence of such non-delivery, to fulfill a contract of sale made by him for the same goods, are too remote.

SAME PLEADING.—Such damages, if recoverable at all, must be pleaded specially.

APPEAL from the *Vanderburgh* Circuit Court.

ELLIOTT, J.—This was a suit by the appellees, who were partners under the name of *J. H. Miller & Co.,* against the appellants, partners under the name of *D. Harper & Sons.*

The complaint contains three paragraphs. The first alleges that the plaintiffs and defendants, on the 6th of *December,* 1864, entered into a written contract, a copy of which is made a part of the complaint, whereby the plaintiffs agreed to deliver to the defendants fifty thousand bushels of ear corn, on the river bank, and the defendants agreed to furnish sacks and twine, and to pay the plaintiffs ninety-five cents per bushel for the corn, as the same should be delivered, "say, for every five thousand bushels or more at a time;" that the plaintiffs, in pursuance of said contract, delivered to the defendants thirty-four thousand bushels of said corn; but the defendants, though often requested, neg-

lected and refused to pay for the same, to the plaintiffs' damage ten thousand dollars.

The written contract contained the following stipulation, as to the time of the delivery of the corn, viz., "Said corn to be delivered within the next two months, say one-half during *December* and one-half during *January.*"

The second paragraph, after referring to the written agreement set out in the first, alleges "that in pursuance of said agreement, said plaintiffs delivered to the defendants forty-four thousand bushels of corn in the ear, and afterwards, to-wit, on the first day of *February*, 1865, said defendants having, from time to time, extended the time for the performance of said contract, and the plaintiffs having already delivered said forty-four thousand bushels, it was agreed, by and between said plaintiffs and said defendants, that in lieu of the additional six thousand bushels of corn mentioned in said contract, the plaintiffs should, within a reasonable time thereafter, deliver, and the defendants should receive, six thousand bushels of shelled corn, at the town of *Mount Carmel*, in the State of *Illinois*, on the bank of the *Wabash* river, for which the defendants were to pay them one dollar and one cent per bushel; that in pursuance of said last named agreement, the said defendants delivered to the plaintiffs, at *Mount Carmel* aforesaid, sacks and twine for sacking the same, and that said six thousand bushels of shelled corn were, within a reasonable time, to-wit, on the first day of *April*, 1865, sacked and prepared for delivery to the defendants, at *Mount Carmel* aforesaid, and the plaintiffs then and there gave notice to the defendants that they were ready to deliver the same, according to the tenor and effect of said last named agreement, and then and there offered to deliver the same, and have ever since been ready to deliver said corn, but the defendants neglected and refused to receive and pay for the same, to the plaintiffs' damage ten thousand dollars.

The third paragraph alleges that the plaintiffs and defendants entered into the written contract set out in the

first paragraph of the complaint; "that the time and manner of said contract were changed and modified, as alleged in the second paragraph of said complaint;" that in pursuance of said contract, the plaintiffs delivered to the defendants thirty-four thousand bushels of said corn, and were ready and willing to deliver to the defendants ten thousand bushels more, of which the defendants had notice; but said defendants refused and neglected to receive and pay for the same; that by the refusal of the defendants to receive said corn, the same was left on the plaintiffs' hands; that there was then no market value to said corn, at the place where the same had been placed for delivery by the terms of said contract and the agreement of the parties, and the plaintiffs were unable to sell the same; that by reason of said failure and refusal of the defendants to receive said ten thousand bushels of corn, it spoiled and rotted, and was wholly lost to the plaintiffs, to their damage ten thousand dollars; that as to the remaining six thousand bushels of said corn, the plaintiffs say that long before the breach complained of, said defendants, in consideration of six hundred dollars, released the plaintiffs from the delivery thereof.

Separate demurrers were filed to the second and third paragraphs of the complaint, on the ground that the facts stated therein did not constitute a cause of action. The demurrers were overruled, to which ruling the defendants excepted.

Prior to the filing of the third paragraph of the complaint, the defendants filed an answer to the first and second paragraphs, as follows: 1. The general denial. 2. Admitting the execution of the written contract, as stated in the complaint, and alleging that the defendants furnished to the plaintiffs sacks sufficient to contain fifty thousand bushels of corn, and twine to tie the same, and that they were always ready to receive and pay for the corn, but the plaintiffs failed and refused to deliver the same, or any part thereof, to the defendants damage ten thousand dollars, for

which they pray judgment.    3. Alleging that the defendants furnished to the plaintiffs forty-seven thousand sacks, and twine sufficient for the same, of the value of $47,000, all of which the plaintiffs converted to their own use, and neglected and refused to return the same, to the defendants' damage $47,000, for which they demand judgment.

After the defendants' demurrer to the third paragraph of the complaint was overruled, they filed a general denial to the third paragraph, and a second paragraph of answer to the second and third paragraphs of the complaint, which, in substance, is as follows:    That on the 21st day of *February*, 1865, the defendants commenced an action of attachment against the plaintiffs, in the Circuit Court of *Wabash* county, in the State of *Illinois*, to recover damages against the plaintiffs, on account of their failure to comply with the written contract set out in the first paragraph of the plaintiffs' complaint in this suit; that the sheriff of said county of *Wabash*, by virtue of a writ of attachment issued in said cause, attached, as the property of these plaintiffs, the following property: one thousand sacks of corn; three hundred and twenty-four sacks of shelled corn, at *Wilkinson's* warehouse; also three thousand sacks of corn at *R. Parkinson's*, in *Mount Carmel;* that afterwards, on the fourth day of *March*, 1865, the said plaintiffs agreed to deliver to these defendants the ear corn which had been attached, and which was then in the possession of said *Parkinson*, at and for the price of ninety-five cents per bushel, and the defendants, by said agreement, were to be allowed a credit of $4,000 upon said corn, which sum they had previously advanced to the plaintiffs, and it was further agreed that the plaintiffs were, within ten days thereafter, to complete the performance of said written contract, by the delivery of the balance of the fifty thousand bushels of ear corn.    In consideration of which the defendants agreed to, and did, dismiss their said attachment suit; that the plaintiffs further agreed to receive the shelled corn, so attached, from the said sheriff, for their own use, and to make no claim against the

defendants herein for damages on account of said proceedings in attachment; and that said agreement was a final settlement of all the corn contracts made by and between said parties, except as to the sacks mentioned in the third paragraph of the defendants answer herein; that the shelled corn so attached by the sheriff is the same shelled corn mentioned in the plaintiffs' complaint. It is further averred, that the plaintiffs did not deliver to the defendants the balance of said corn, so remaining to be delivered, to-wit, twenty thousand bushels, although the defendants had furnished the sacks and twine therefor, as required by said written agreement, and were always ready to receive the same and pay therefor, to the defendants damage ten thousand dollars, for which they demand judgment. To this paragraph of the answer, the court sustained a demurrer, and the defendants excepted.

The plaintiffs filed a reply in denial of the second and third paragraphs of the defendants' original answer. There was a jury trial, which resulted in a verdict for the plaintiffs for $2,140. Motion for a new trial overruled, and judgment on the finding of the jury. The defendants appeal.

It is insisted by the appellants' counsel that the Circuit Court erred in overruling the demurrers to the second and third paragraphs of the complaint. The objection made to these paragraphs is, that they set up new and substantive contracts in parol, which are void under the statute of frauds, and the case of *Bailey* v. *Epperly*, 2 Ind. 85, is cited as an authority in point in support of the position. It was a well settled rule of pleading at common law, that where the contract must have been in writing under the statute of frauds, it was not necessary to show that fact in the declaration. 1 Chitty's Pl. 222. The statute of frauds applies to the evidence, and not to the pleadings. *Mills* v. *Kuykendall*, 2 Blackf. 47, and note 2; *Miller* v. *Upton*, 6 Ind. 53. But under our code, if the contract be in writing, a copy of it must be filed with the complaint, and if it is not alleged to be in writing, and no such copy is filed with

the complaint, the presumption arises that the contract declared on is not a written one, and if the contract is such as is required by the statute of frauds to be in writing, the objection may be taken by demurrer. But contracts of the character of those stated in the paragraphs under consideration, to be valid, are not necessarily required to be in writing. The statute relating to such contracts provides that " no contract for the sale of any goods, for the price of fifty dollars or more, shall be valid, unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby, or by some person thereunto by him legally authorized." 1 G. & H., § 7, p. 351.

If the purchaser receives part of the property purchased, or gives something in earnest to bind the bargain, or in part payment, the contract is valid, though not reduced to writing. And as the statute operates as a rule of evidence, and not upon the pleadings, in this respect, it is not necessary to aver in the complaint the receipt by the purchaser of a part of the property, or the giving by him of something in earnest, or in part payment. The complaint would have been good at common law without such averments, and the statute has made no alteration in the mode of pleading. Note 2 to *Forth* v. *Stanton*, 1 Will. Saunders R. 211. The rule is stated by Mr. *Stephens* thus: " With respect to acts valid at common law, but regulated as to the mode of performance by statute, it is sufficient to use such certainty of allegation as was sufficient before the statute." Stephen's Pl. 374. See, also, 1 Saund. 276, note 2. The rule seems to be otherwise in stating the contract in an answer. The second pargraph of the complaint, we think, is good. In *Bailey* v. *Epperly*, *supra*, the question was raised on the evidence, and not upon the pleadings.

The third paragraph is further objected to for uncertainty. This paragraph, after referring to the written agreement

set up in the first, alleges that "the time and manner of said contract were changed and modified, as alleged in the second paragraph." This mode of averring material facts unavoidably tends to confusion and uncertainty, and should not receive encouragement from the courts. The court below would have been justified, on motion, in striking out the averments referred to, and in compelling the party to a direct averment of the facts which the pleader sought to make a part of the paragraph by the reference. But this was not done. As we understand the paragraph, it alleges that the time for the delivery of the corn was extended; that the plaintiffs delivered to the defendants thirty-four thousand bushels, under the written contract; that they had ready and offered to deliver ten thousand bushels more of ear corn, which the defendants refused to receive, and that as to the remaining six thousand bushels, the defendants, for a consideration, released the plaintiffs from the delivery thereof. Under this construction, the paragraph is clearly good. We do not understand it to mean, as claimed by the counsel for the appellees, that six thousand of the ten thousand bushels, which it is alleged the plaintiffs offered to deliver and the defendants refused to receive, were shelled corn. The second paragraph, to which the reference was made, avers the delivery of forty-four thousand bushels of corn in the ear, and the agreement of the defendant to receive six thousand bushels of shelled corn, in lieu of the remaining six thousand bushels of ear corn; while the third paragraph alleges the delivery of only thirty-four thousand bushels, and the plaintiffs offer to deliver ten thousand bushels more, and a release of the defendants as to the remaining six thousand bushels. Under such averments, it would be doing violence to the language to hold that the agreement set up in the second paragraph to receive six thousand bushels of shelled corn forms a part of the third paragraph.

The ruling of the Circuit Court in sustaining a demurrer to the second paragraph of the defendant's answer to the

second and third paragraphs of the complaint, raises the next question presented for our consideration.

It is urged in argument by the counsel for the appellees, that the paragraph is bad because it confesses the causes of action set up in the complaint, and does not allege sufficient matter in avoidance. The paragraph evidently confesses the causes of action stated in the second and third paragraphs of the complaint, but, in our judgment, the facts alleged in avoidance are well pleaded, and constitute a valid defense to those paragraphs of the complaint. In effect, it alleges an agreement, upon a sufficient consideration, to rescind all the agreements made by the parties in reference to the corn, subsequent to the original written contract, to extend the time for the delivery of the residue, with an agreement on the part of the plaintiffs to deliver the residue of the corn in the ear, as provided in the written contract. It alleges a performance by the defendants of their part of said agreement, by the dismissal of the attachment suit, and also a breach of the agreement by the plaintiffs. We think the paragraph unobjectionable, and that the demurrer to it should have been overruled.

On the trial of the cause, the defendants propounded to *David Harper,* a witness then on the stand, the following interrogatory, viz., "Did, or did not, *Miller & Co.* understand, at the time the contract set out in the complaint was made, that the corn therein mentioned was purchased and intended for the *United States* government?" The plaintiff objected to the interrogatory. The court sustained the objection and refused to permit the witness to answer the question. The defendants excepted, and assign the ruling for error.

The defendants also offered in evidence a contract between them and the *United States,* for the delivery by the former to the latter of a quantity of corn in the ear. It is said by the appellants' counsel that it was intended by this and other evidence to show, as proof of damages under the second paragraph of their original answer, that they had

such a contract for the delivery of corn to the government, and that the contract with the plaintiffs was made for the purpose of enabling the defendants to comply with said contract, which was well known to the plaintiffs, and that the defendants were prevented from performing their contract with the government by the failure of the plaintiffs to deliver the corn, under their contract with the defendants. The damages thus claimed would not be the necessary or direct result of the failure of the plaintiffs to deliver the corn, and under the authorities would seem to be too remote to justify a recovery. See 3 Parsons on Contracts 177 *et seq.* But we do not decide the question. The claim is in the nature of special damages, and if recoverable at all, should have been claimed in the answer, which was not done. Besides, the question was objectionable in form. It sought to prove by the witness the understanding of the plaintiffs as to the purpose for which the defendants were purchasing the corn, and not that they had notice or knowledge of the fact.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to overrule the demurrer to the second paragraph of the answer to the second and third paragraphs of the complaint, and with leave to both parties to amend their pleadings.

*C. Denby,* for appellants.

*A. Iglehart,* and *A. L. Robinson,* for appellees.