## BEACH *v.* JONES.

CONTRACT.—A. owned a lot or parcel of real estate having a flouring mill thereon. He became indebted to B., and secured the debt by a mortgage on the real estate. In 1870, B. foreclosed his mortgage, and bought in the real estate at sheriff's sale. A few days thereafter an explosion injured the mill and machinery, and A. was unable to make repairs. B. agreed with C. that the latter should furnish machinery and put the mill in order, and A. agreed to pay C. for the machinery, etc., if he redeemed, and if he failed to redeem, C. was to have the use of the mill for one year from the time B. should be entitled to a deed under his purchase, for one thousand dollars, with the privilege of two years on certain other terms agreed upon. Complaint by C., alleging a compliance on his part; that A. failed to redeem, and B. took a conveyance, and fraudulently procured the tenant in possession to attorn to him, and refuses to comply with his contract, and that he claims the machinery as his own. Prayer, that C. have judgment against B. for the amount of the machinery furnished.

*Held,* that B. was not liable; that he did not, by the contract, agree in any event to pay for the machinery.

SAME.—*Presumption.*—Where a contract sued on is not made a part of the complaint, it will be treated as a contract by parol.

From the Vigo Common Pleas.

*W. E. Hendrich* and *J. G. Williams,* for appellant.

*J. P. Baird, C. Cruft, W. Mack, J. M. Allen,* and *J. W. Davis,* for appellee.

DOWNEY, J.—This action was by the appellee against the appellant. Issues were formed; there was a trial by jury, a verdict for the plaintiff, a motion by the defendant for a new trial overruled, and final judgment for the plaintiff.

The sufficiency of the complaint is brought in question by the proper assignment of errors, and as we have arrived at the conclusion that the judgment must be reversed on this ground, we do not deem it necessary to consider any other questions.

The facts disclosed in the complaint are, that Jonas B. Richardson owned lot number 47 in Silby's addition to Terre Haute, upon which there was a flouring mill. He borrowed money of Beach, the appellant, and secured it by a mortgage on the real estate. In 1870, Beach foreclosed his mortgage, and at the sheriff's sale became the purchaser of the property,

and received the sheriff's certificate of purchase therefor. In a few days after the sale, there was an explosion of the boiler at the mill, which, besides destroying the boiler, greatly damaged the engine and the building, etc. Richardson was unable to make repairs. Jones, the appellee, owned an engine and boiler, which were out of use. He was willing to repair the mill and put his engine and boiler in it, and look to Richardson for his pay, if Richardson could repay him by using the mill, or could redeem the mill under the statute within the year allowed him, but wanted to have an agreement for his protection with Beach, in the event that he did not get his pay from Richardson, or if Richardson did not redeem within the year. After some negotiations the parties came upon terms, which are thus stated in the complaint:

" The defendant, Beach, then agreed with the plaintiff that the plaintiff should furnish said machinery for said mill, and put it in the mill, and fix up and repair the mill, so as to put the same in good running (order) and make his arrangement and business connections with Richardson as proposed, as aforesaid ; the plaintiff to look to Richardson for his purchase-money for the machinery and other moneys and labor to be expended by plaintiff as aforesaid, on the conditions that Richardson redeemed said mill and real estate from said sale to Beach, and that · in case Richardson failed to redeem, the plaintiff should have the use of said mill and real estate, and all property connected therewith, for one year from the time Beach should be entitled to the deed for the property, for the sum of one thousand dollars, that being a sum agreed upon as sufficient to pay the taxes and insurance on the property and the interest on the amount due Beach upon his purchase of the property, with the privilege of two years longer, to have and to hold said mill, in which the plaintiff should pay Beach the amount he had invested in the purchase, one-half each year of the principal, and keeping the interest paid up and taxes and insurance."

After setting forth the contract made with Beach, as quoted above, Jones avers in his complaint that he " closed his agree-

ment with Richardson, by which Richardson agreed to pay plaintiff for his machinery and outlays in fixing up the mill in case he redeemed the property, and in case Richardson failed to redeem, plaintiff to look to his agreement with Beach for his remuneration, and not hold said Richardson at all."

The plaintiff then alleges that he put a large amount of machinery in the mill, expended a large amount of money and much time and labor in putting the mill in repair, amounting in all to six thousand dollars, and thereupon took possession of the mill, in connection with said Richardson, and they have ever since held the possession thereof by themselves or their tenants; that Richardson failed to redeem the same within the year, and Beach took a conveyance to himself, and fraudulently procured the tenant in possession to attorn to him, and now repudiates and denies his contract, and refuses to perform the same, refuses to allow the plaintiff to redeem, and claims the machinery, etc., as his own.

The complaint concludes as follows:

" The plaintiff says that by reason of the foregoing facts the said defendant, Beach, has become liable to pay him for his said machinery, property, and outlays, and fitting up said mill, which is of the fair value of six thousand dollars, for which sum he asks judgment against Beach, and for all other proper relief."

Counsel for appellant contend that as no written contract or copy of a contract is made part of the complaint, we must treat the alleged contract of Beach, the defendant, as a contract by parol. In this counsel are correct. *Harper* v. *Miller*, 27 Ind. 277. There are other cases to the same effect.

Counsel also insist that the alleged contract of Beach was within the second clause of the statute of frauds, 1 G. & H. 348, sec. 1, because it was a contract of Beach to answer for the debt, default, or miscarriage of Richardson. In this we do not agree with counsel. The contract of Richardson was one thing, and that of Beach, as alleged, was for a wholly different thing. Richardson agreed, as alleged, to pay Jones " for his machinery and outlays in fitting up the mill in case

he redeemed the property, and in case Richardson failed to redeem, plaintiff to look to his agreement with Beach," etc. Beach did not, in any event, agree to pay for the machinery, etc. His agreement was, as alleged and as above stated, " in case Richardson failed to redeem, that the plaintiff should have the use of said mill and said real estate, and all property connected therewith, for one year from the time Beach should be entitled to the deed for the property, for the sum of one thousand dollars, that being a sum agreed upon as sufficient to pay the taxes and insurance on the property and the interest on the amount due Beach upon his purchase of the property, with the privilege of two years longer, to have and to hold said mill, in which the plaintiff should pay said Beach the amount he had invested in the purchase, one-half each year of the principal, and keeping the interest paid up and taxes and insurance."

But while we are of this opinion, it seems clear to us that the complaint does not make a case against Beach. We have already stated that Beach did not agree to pay for the machinery, etc., in the event that Richardson failed to redeem. What he did agree was to lease or let the premises to Jones for one year, for a rent of one thousand dollars, and, if Jones desired, for two years longer, in which Jones might pay Beach the amount of his purchase-money, one-half each year, keeping the interest, taxes, and insurance paid up.

The complaint throughout is based on the theory that Beach was liable for the value of the machinery, etc., and upon that theory cannot be sustained. There is no allegation of the value of that which Jones was to receive under the contract from Beach, and hence no proper basis for estimating his damages.

Whether the agreement actually made by Beach, as alleged in the complaint, or any part of it, is within any of the clauses of the statute of frauds, we need not now decide.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer of Beach to the complaint.