Filed June 26, 1886.

---

No. 12,071.

## OVER v. THE CITY OF GREENFIELD.

MUNICIPAL CORPORATION.—*City.*—*Parol Contract.*—*Statute of Frauds.*—*Pur- chase of Fire Engine.*—A municipal corporation may be bound by a parol contract; but such a contract for the purchase of a fire engine for a sum greater than fifty dollars is within the statute of frauds (section

4910, R. S. 1881) and invalid, unless it is brought within one of the exceptions to such section.

SAME.—*Common Council.*—*Resolution.*—*Regularity of Proceedings.*—*Presumption.*—*Pleading.*—Where the common council of a city, by resolution,. accepts conditionally a proposition for the sale of a fire engine, the regularity of the proceedings by which such resolution was adopted will be presumed, and averments showing the particular manner of its adoption are unnecessary.

SAME.— *Written Instrument.*—*Instruction.*—*Practice.*—Such resolution is not a written instrument within the meaning of section 362, R. S. 1881, and. does not become part of an answer to a complaint to recover for the engine by being filed with it, and where its adoption is not otherwise verified by the record, an instruction construing it will not be considered.

SAME.—*Construction of Contract.*—*Practice.*—Where the evidence is not in, the record, and hence does not show what kind of a contract was proved to exist between the parties, an instruction construing the contract between them will not be considered.

SAME.—*Sale.*—*Condition.*—*Fraud.*—*Pleading.*—*Surplusage.*—Where an answer to a complaint to recover the price of a fire engine alleges that the sale was only a conditional one, and that the plaintiff did not comply with the conditions, by reason of which the sale was not consummated. other allegations of fraud and misrepresentation will be regarded as. surplusage.

From the Hancock Circuit Court.

*J. H. Mellett, E. Marsh* and *W. W. Cook,* for appellant.
*C. G. Offutt, R. A. Black* and *W. H. Martin,* for appellee.

NIBLACK, C. J.—Complaint by Ewald Over against the city of Greenfield to recover the price of a Victor Hand Fire Engine, with the usual equipment, alleged to have been sold to such city as the successor of the town of Greenfield.

The complaint was in six paragraphs, to the second and third of which demurrers were sustained.

The first paragraph was for goods sold and delivered at the request of the defendant. The second was for the engine and equipment alleged to have been bargained and sold to the defendant at its like request.

The fourth paragraph averred that, on the 14th day of October, 1882, the plaintiff submitted to the town council of the town of Greenfield a proposition in writing as follows ::

"I propose to deliver on the cars here (at Indianapolis), one Victor Hand Fire Engine, one iron water tank on wheels holding four or five barrels of water, one hose reel, to hold five hundred feet of hose, five hundred feet 1½ in. 4-ply hose, all necessary couplings for do., 25 feet suction hose, coupling and strainers for do., 4 hose wrenches, 2 nozzles with ½ and ⅝ tip all necessary, and will submit said engine to a test at my shop, and will warrant same with 12 men at brake to throw 40 feet through 250 feet of hose, or 50 feet through 200 feet of hose. Price $700. Terms of sale cash. I will further warrant the same for one year, with fair usage, against all defects by reason of bad material and workmanship;" that said town council, after considering said proposition, suggested an amendment in writing in these words: "*Provided* he" (Ewald Over) "will subject the engine to a test of 250 feet of hose and throw 45 feet from the nozzle, and the engine and hose bearing the pressure of the required force," which amendment was accepted by the plaintiff, and the proposition, as thus amended, was submitted to the common council of the city of Greenfield, as the successor of the town council of the town of Greenfield ; that said proposition was accepted by said common council ; that thereupon the mayor of said city of Greenfield addressed the following letter to the plaintiff :

"GREENFIELD, IND., Oct. 14th, 1882.

"EWALD OVER, ESQ.—*Dear Sir*—The council accepted your proposition as amended while here. You will, therefore, proceed to build the engine as stipulated, and when you are ready for the test, which has been decided to take place here only before a committee, please notify one day before so that I may make necessary ar. See Webster * * .

"WM. J. SPARKS, Mayor."

That the plaintiff made and delivered to the defendant a Victor Hand Fire Engine, with all the appliances proposed to be furnished with it by him, and in these, as in all other respects, fully complied with the contract herein above set

out, on his part; that the defendant accepted and received said engine and appliances, and still retains them in its possession, but has failed and refused to pay for the same.

The fifth and sixth paragraphs of the complaint averred, only in different forms, and respectively relied upon substantially the same facts as above set forth in the fourth paragraph.

The defendant answered in three paragraphs:

*First.* In general denial.

*Second.* Admitting the submission of the amended proposition in writing by the plaintiff to the defendant, as stated in the fourth, fifth and sixth paragraphs of the complaint, but averring that upon the receipt of such proposition the common council of the city by a resolution, a copy of which was exhibited, agreed to accept the same upon the condition that said engine should comply with all the stipulations contained in said proposition, and would throw a stream of water forty feet from the nozzle through two hundred and fifty feet of hose, or ninety feet through one hundred feet of hose, and on the further condition that the plaintiff would submit said engine to a test in the city of Greenfield before a committee to be appointed by the common council of that city, and that said committee should report to said council that said engine had complied with all the conditions of such test; that said common council thereupon appointed a committee to witness such test and to make a report thereon; that the plaintiff shipped said engine and hose and other appliances to the city of Greenfield, and submitted the same to a test before a committee appointed as above stated, he being personally present at the time; that after the completion of said test, the committee reported in writing to the common council of the defendant that said engine, through a hundred feet hose with a half inch tip, threw water only fifty-four feet from the nozzle, and that at no time while the test was being applied did the plaintiff use, or furnish to be used, a five-eighth inch hose tip with which to test the power of said engine to throw water; that thereupon said common

council by a resolution, a copy of which was also exhibited, rejected the plaintiff's proposition to sell said engine, hose and other appliances, and refused to purchase or receive the same, notice of all which was communicated to the plaintiff.

*Third.* Also, admitting the submission of the plaintiff's amended proposition to sell to the defendant an engine, water-tank and other appliances as stated in the fourth, fifth and sixth paragraphs of the complaint, but averring that said proposition was accepted by a resolution of the common council upon the condition stated in the second paragraph of answer; also, averring that the plaintiff's representations, concerning the construction, capacity and performances of said engine, were false and fraudulent, enumerating the particular respects in which such engine was defective and inferior, and in which it had failed to perform on a trial test as the plaintiff had represented it would do when its capacity should be tested as agreed by the parties; that as soon as the defendant ascertained the defective and inferior quality of such engine, and its inability to stand the test which had been applied to its capacity to throw water, it tendered said engine, water-tank and other appliances back to the plaintiff, and notified him that it would not pay for the same, and that ever since said engine, water-tank and other appliances had remained in the city of Greenfield, subject to plaintiff's order for removal or otherwise.

Demurrers were overruled to both the second and third paragraphs of the answer, after which issues were formed, followed by a verdict and judgment for the defendant.

It is conceded in argument that the second paragraph of complaint counted upon a parol contract for the purchase of the engine and accompanying articles of property, and, as an objection to the sufficiency of that paragraph, it is urged that a municipal corporation is not bound by a parol executory contract.

The ancient methods by which only a municipal corporation could be bound by contract have been very much re-

laxed by the modern authorities. Such a corporation may now, through its authorized officers or agents, be bound by parol, provided the contract be not one which the law requires to be in writing. Dillon Munic. Corp., sections 192, 450. But the contract price relied upon in the paragraph in question was for a sum greater than fifty dollars, and under section 4910, R. S. 1881, a contract of sale for a price greater than that sum must, except in certain exceptional cases, be in writing. As there was no averment bringing the parol contract counted upon within any of those exceptional cases, the contract was presumably an invalid one. *Harper* v. *Miller*, 27 Ind. 277; *Krohn* v. *Bantz*, 68 Ind. 277; *Carpenter* v. *Galloway*, 73 Ind. 418. No argument is submitted in support of the third paragraph of the complaint, and hence no question is presented upon that paragraph which we are required to decide.

Error is assigned upon the overruling of the demurrer to the second paragraph of the answer, and that assignment of error is based upon the claim that the paragraph was bad for failing to aver that the resolution of the common council of the city of Greenfield, expressing its conditional acceptance of the plaintiff's proposition to furnish for the use of the city the engine and accompanying appliances, was adopted by a vote taken upon the yeas and nays as provided by section 3099, R S. 1881. But we can not agree that the paragraph was bad for the reason stated. All the presumptions ought to be indulged in favor of the regularity of the proceedings by which the resolution referred to was adopted, and hence no affirmative averment as to the particular manner of its adoption was necessary, conceding that a yea and nay vote is required upon the passage of such a resolution, a question we have not considered, and concerning which nothing is now decided.

Error is also assigned upon the overruling of the demurrer to the third paragraph of answer, and that claim of error is grounded upon the assumption that the paragraph was noth-

ing more than an attempted defence of fraud and misrepresentation by which the defendant was wrongfully induced to purchase the engine and accompanying appliances, and that as a defence of fraud and misrepresentation, the paragraph was defective in several essential particulars. We do not, however, place the construction contended for upon the paragraph. We construe it as having stated facts amounting to an allegation that the sale charged in the several paragraphs of the complaint, was only a conditional sale, and that the plaintiff had failed to comply with the conditions which he had agreed to perform, by reason of which the sale was never consummated. All the allegations of fraud and misrepresentation we regard as having been mere surplusage and as having added nothing either to the force or effect of the paragraph. The essential facts set up by the paragraph were, in some respects, neither clearly nor compactly stated, but as we construe them, they constituted a substantially good defence to the complaint.

Questions were reserved upon certain instructions given by the court upon its own motion, and upon other instructions asked by the plaintiff and refused by the court.

The first instruction given by the court told the jury that the amended proposition of the plaintiff, submitted to the common council of the city of Greenfield, and the resolution of that body conditionally accepting such amended proposition, constituted the contract between the parties, and then proceeded to give a construction to the contract into which the parties had thus entered. The correctness of this instruction is challenged. The objection made to the instruction is that it gave an erroneous construction to what is assumed to be the contract between the parties. But the evidence is not in the record, and hence there is nothing before us to show what the real contract was proven to be at the trial, or to indicate what construction ought to be given to any supposed agreement between the parties. We are, for this reason, unable to pronounce any judgment upon the cor-

rectness of the instruction in question as applicable to the evidence, or any part of it, which may have gone to the jury.

The second instruction assumed to give a construction to the resolution of conditional acceptance claimed to have been adopted by the common council. But that resolution is not before us in any authentic form. It was not a written instrument within the meaning of section 362, R. S. 1881. Hence the filing of a copy of it with the second paragraph of the answer did not make it a part of that paragraph. *Parsons* v. *Milford*, 67 Ind. 489; *Matheney* v. *Earl*, 75 Ind. 531; *Sedgwick* v. *Tucker*, 90 Ind. 271; *Campbell* v. *Hunt*, 104 Ind. 210.

There is nothing in the record to indicate that it was read in evidence at the trial. Consequently, the fact that such a resolution was ever adopted by the common council is in no manner verified by the record. For these reasons, this second instruction, given by the court, raises no question which we are required to decide, or which we would be justified in deciding at the present hearing.

In the absence of the evidence, no available question is presented upon any of the remaining instructions, whether given or refused by the court.

The judgment is affirmed, with costs.

Filed March 30, 1886; petition for a rehearing overruled June 26, 1886.