HARROD, ADMINISTRATOR, ET AL. *v.* THE STATE, EX REL. MELOY ET AL.

[No. 2,824. Filed Nov. 14, 1899. Rehearing denied Feb. 20, 1900.]

PLEADING.—*Contracts.*—Plaintiffs brought suit on an administrator's bond, alleging that defendant, as an attorney, entered into a contract with decedent to prosecute for him a certain action for personal injuries, and receive an amount equal to one-half of the amount recovered, as attorney's fees, and that he recovered a judgment and failed to account for the half belonging to plaintiffs. *Held*, that the complaint was founded upon the bond, and not upon the contract, and it was not necessary in order to admit proof of the contract in writing to allege in the pleading whether it was written or not. *pp. 159-167.*

CONTRACTS.—*Abandonment.*— *New Contract.*— The abandonment of an old contract constitutes a sufficient consideration for the execution of a new one. *p. 167.*

APPEAL AND ERROR.—*Joint Assignment.*—*Waiver.*—Where the assignment in a motion for a new trial is joint as to a number of instructions, and no argument is made on appeal as to some of them, the assignment must fail. *p. 168.*

From the Scott Circuit Court. *Affirmed.*

*J. H. Shea, M. Storen* and *Turner & Orbison,* for appellants.

*S. B. Wells* and *E. Hough,* for appellees.

BLACK, J.—This was an action upon an administrator's bond against the principal, Columbus B. Harrod, and his sureties, the relators being the heirs at law of the intestate, wherein there was recovered a judgment for $1,500. The

complaint was in two paragraphs. In the first paragraph, after stating the death of the intestate, Robert F. Meloy, and that the relators were his heirs at law, and showing the appointment of the administrator, and the execution of the bond in the penal sum of $4,000, which was exhibited, it was alleged that there came into the hands of the administrator, as such, assets of the estate in the sum of $3,550, and of this he converted the sum of $1,775 to his own use, and wholly failed and refused, and still failed and refused, to account therefor, although often demanded so to do by the relators.

The second paragraph showed the death of the intestate and the heirship of the relators, and it was alleged that in March, 1895, previous to his death, the intestate recovered a judgment against the Big Four Railroad Company (elsewhere in the pleadings called the Cleveland, Cincinnati, Chicago, and St. Louis Railway Company), in the Jennings Circuit Court, in the sum of $4,600, for personal injuries; that the appellant, Columbus B. Harrod, and Thomas C. Batchelor were attorneys for the intestate in that cause, and were to receive as their fee as such attorneys an amount equal to one-half of the amount recovered; that, after the death of the intestate, said Harrod was, on the 25th of November, 1895, duly appointed administrator of the decedent's estate, in the Scott Circuit Court, and executed his bond, etc. (describing it, and making it part of the complaint as an exhibit), and entered upon the discharge of his duties; that as such administrator said Harrod compromised said judgment, for the sum of $3,550 cash; that, under the contract of the intestate with said Harrod and Batchelor, they received the sum of $1,775 attorney's fees for recovering said judgment, leaving the sum of $1,775 in cash in the hands of said Harrod as such administrator; that more than one year had elapsed since the appointment of the administrator; that there were no claims pending against the decedent's estate; that there were no debts due said estate; that the decedent left no real estate; that the administrator had failed to pay

into court the money belonging to the estate; that said Harrod, as such administrator, had embezzled and converted to his own use all of the moneys belonging to said estate; that in the Scott Circuit Court, in chambers, on the 22nd of May, 1897, the relators filed a petition with the judge of said court asking that said administrator be required to show cause why he should not make a final report as such administrator at the June term, 1897, of said court; that he failed and refused to answer said petition, and the court, being fully advised in the premises, made an order for him to make final settlement at said June term, 1897, of said court; that he had wholly failed and refused to obey said order to make final settlement and pay into court the money belonging to said estate for the use and benefit of the relators; wherefore, etc.

The appellants answered in three paragraphs. It will suffice for us to notice specially only the third paragraph, in which it was, in substance, shown that on the 1st of October, 1894, and during the life of the intestate, he and Columbus B. Harrod made and entered into a written contract, which is set out in the pleading. It was signed by the intestate and said Harrod, and showed the employment of said Harrod, an attorney, to attend to and prosecute the action against the railroad company, he being given full power in that behalf to sue and prosecute the claim to judgment, and to settle and dispose of the suit and claim by compromise or otherwise; and, to compensate him, the intestate promised to pay said Harrod as attorney's fees an amount equal to one-half of the amount recovered; and to secure the payment of such fee the intestate assigned to him one-half the intestate's claim and an amount equal to one-half of any verdict or judgment he might obtain against the railway company, or an amount equal to one-half the amount recovered by compromise or otherwise. And said Harrod, by the terms of said agreement, accepted

the employment and agreed to perform said services on the terms above stated; and said Harrod was further authorized to hire and employ other and additional counsel to aid and assist him in the prosecution of any suit, legal proceedings, adjustment, settlement, or compromise of the intestate's claim against the railway company, but it was stipulated that no further or additional charge should be made against the intestate for such other or additional counsel.

It was further alleged in the third paragraph of answer, that, pursuant to this contract, said Harrod, as such attorney, prosecuted said suit to final judgment in the Jennings Circuit Court, and obtained a judgment in that court for $4,600; that thereafter the intestate died, and afterward said Harrod negotiated and effected a compromise of the judgment by the terms of which the railway company agreed to pay $3,550; that thereafter said Harrod was appointed administrator of the decedent's estate, as stated in the complaint, and with his co-appellants executed the bond in suit, and as such administrator received from the railway company $1,775 belonging to the estate, and retained $1,775 as his fee, in accordance with said written contract; that, after the receipt of said sum belonging to the estate, he proceeded to discharge his duties as administrator, paying off all debts of the estate that came to his knowledge and all costs incurred in the management thereof, including a fee of $875 due Thomas C. Batchelor for services rendered in the prosecution of said cause at the special instance and request of the intestate; that said Batchelor was employed by the intestate as his attorney to assist in the prosecution of said suit, and was not employed by said Harrod, and the intestate was to pay him an amount equal to one-fourth of whatever amount of damages the intestate might recover in said suit by judgment or compromise; that said Harrod had faithfully performed all the duties and services required of him by the terms of said written contract and as such administrator had faithfully discharged

his duties; that he had placed on file a final report, which showed a balance due said estate in the sum of $646.11, "which amount the said administrator says is due the said estate, and no more; that said administrator now offers to pay the said amount, so shown to be due, into court, for the benefit of said estate." Said report, dated October 27, 1897, was set out in the pleading, and it was alleged that no objections or exceptions thereto had been filed, and that it was pending the approval of the judge of the court below; and for said sum of $646.11 the appellants offered to confess judgment.

The appellees replied, and the court overruled a demurrer to the second paragraph of the reply to the third paragraph of answer. This ruling is assigned as error. In the paragraph of reply thus questioned, the appellees admitted that the intestate and said Harrod, on the 1st of October, 1894, entered into the contract set out in the third paragraph of answer; but it was alleged that on the 29th of December, 1894, said Harrod and Thomas C. Batchelor, an attorney of Jennings county, Indiana, entered into a written contract with the intestate, which, at the time of making it, was intended by said Harrod and the intestate to supersede, supplant, annul, and take the place of said contract of October 1, 1894, and did supersede, supplant, annul, and take the place thereof. This contract of later date, signed by the intestate and said Harrod and Batchelor, was set out in the body of the pleading. It had for a caption, as did the earlier contract, the title of the cause of the intestate against the railroad company, indicated as being in the Jennings Circuit Court, December term, 1894, and it purported to witness that the intestate, plaintiff in said action for personal injuries, etc., "has this day hired and employed Columbus B. Harrod, an attorney of Scott county, and T. C. Batchelor, an attorney of Jennings county, to attend to and prosecute his said cause of action and claim for damages against said defendant, and empowers and gives said Har-

rod and said Batchelor all and full power and authority to
sue and prosecute said cause of action and claim for him and
in his behalf against said railway company to final judg-
ment," etc.  It was further provided that said Harrod and
Batchelor were authorized to adjust, settle, and dispose of
said suit and claim by compromise or otherwise; "and to
compensate said Harrod for any and all of said services, the
said Robert F. Meloy agrees and promises to give and pay
the said Harrod and the said Batchelor an amount equal to
one-half recovered for him against said railway company
by suit, or by adjustment and settlement, by compromise
or otherwise, as attorney's fees to said Harrod and said
Batchelor for their services in his behalf."  And, by the
further terms of the contract, it was provided that said
Harrod and Batchelor "now accept of said employment and
agree to attend. to and prosecute the said action, suit, and
claim for damages," etc., "upon the conditions and terms
above set out; and the said Harrod and said Batchelor are
further authorized and empowered to hire and employ other
and additional counsel to aid and assist them in the prose-
cution of any suit," etc., "but no further or additional
charge shall be made against said Robert F. Meloy for such
other or additional counsel; and this agreement is now
signed by said Robert F. Meloy and said Columbus B.
Harrod and said Thomas C. Batchelor, this 29th day of
December, 1894, and is to constitute an agreement and
contract between the parties for the purposes above set out."

It was further alleged in the reply that at the time of
signing this contract, on the 29th of December, 1894, it
was mutually agreed and understood by and between said
Harrod and the intestate that this contract was to substitute
and to take the place of and to abrogate said contract of
October 1, 1894, and that said Harrod and Batchelor, by
the terms of this later contract, were to receive as compen-
sation for their services, as attorney's fees, a sum equal to
one-half of whatever amount might be recovered in said

cause, and no other or additional compensation; that said contract of December 29, 1894, was the only contract existing between said parties in the employment of Thomas C. Batchelor and Columbus B. Harrod in said cause, and no other or additional contract was ever entered into by or between the intestate and Batchelor relative to the employment of said Batchelor in said cause. It was further averred that said alleged final report set out in the third paragraph of answer was not filed in the Scott Circuit Court until the 27th of October, 1897; that said Harrod, as such administrator, was ordered and required by the judge of said court, in chambers, on the 22nd of May, 1897, to make a final report not later than the 14th of June, 1897, that being the first day of the June term, 1897, of said court, or to show cause why the same should not be made; that said Harrod, as such administrator, failed and refused to comply with said order; that the alleged final report was not made until after the bringing of this action; that notice of the final settlement of said estate had not been given to the heirs of the intestate to appear and file objections to said alleged final report; that, at the time of said alleged final report, said Harrod did not indorse thereon a date fixing the time when it should be heard and finally disposed of; that no exceptions had been filed to said report by the heirs of the intestate, the relators, because of the failure of said Harrod, as such administrator, to give the notice required by law of the time when said report would be heard; that said report was incorrect, in that it showed a balance due said estate of $646.11, when, in fact, there was due said estate the sum of $1,575; that said credit of $875 asked by said Harrod in said report was incorrect, in that said Batchelor was paid out of funds which were not part of said estate, but was paid out of the $1,775 retained by said Harrod in compliance with the terms of said contract of December 29, 1894.

In argument on behalf of the appellants, it is claimed

that this reply is a departure. This claim is based upon the proposition that, inasmuch as in the reference in the second paragraph of the complaint to a contract between the intestate and Harrod and Batchelor, under which their fees were received, that contract is not alleged to have been in writing, therefore it must be presumed to have been oral, and the contract relied upon in the reply is there shown to have been in writing.

In thus arguing, counsel have misapplied a rule now familiar in this jurisdiction that, where a pleading is founded on a contract, and it is not shown by the pleading whether or not it is in writing, it will be presumed to have been a parol contract. This rule is dependent upon the provision of the code, §365 Burns 1894, §363 Horner 1897, that where any pleading is founded on a written instrument or an account, the original, or a copy thereof, must be filed with the pleading.

The expressed reason on which the presumption is based is, that if the contract on which the pleading is founded were in writing, the code requires the original, or a copy of the writing, to be set out. *Crosby* v. *Jeroloman*, 37 Ind. 264, 269; *Mills* v. *Kuykendall*, 2 Blackf. 47, note 2; *Miller* v. *Upton*, 6 Ind. 53; *Harper* v. *Miller*, 27 Ind. 277, 281; *Flenner* v. *Flenner*, 29 Ind. 564, 569; *Musselman* v. *Kent*, 33 Ind. 452; *Berkshire* v. *Young*, 45 Ind. 461, 466; *Krutz* v. *Stewart*, 54 Ind. 178, 181; *Over* v. *City of Greenfield*, 107 Ind. 231, 236.

In *Krohn* v. *Bantz*, 68 Ind. 277, it was said: "We think it clear that as the contract sued upon must be taken to have been a verbal and not a written one, neither the original nor a copy having been set out as required by the code in writing, the plaintiff could not give in evidence a written one in support of his complaint. The complaint, therefore, can not be held good on the theory that prevailed before the code, that the contract may have been a written one." The written instrument on which the second paragraph, as well as the first paragraph, of the complaint was founded, within

the meaning of the provision of the code above mentioned, was the administrator's bond; and to admit proof of the contract referred to in the second paragraph as one relating to the fees of the attorneys, though it was a written contract, it was not necessary to state in the pleading whether or not it was in writing. There was no presumption that it was oral, as there would be if the pleading were founded upon it, and it were not shown expressly in the pleading whether or not it was in writing.

It is further contended for the appellants that the second contract, made on the 29th of December, 1894, did not abrogate or supersede the former contract of October 1, 1894, because of a want of consideration. It does not appear what service, or that any service, contemplated by the first contract had been performed by the appellant, Harrod, before the making of the new contract for the same service to be performed by Harrod and Batchelor, but it does appear from the pleadings that the judgment was obtained after the making of the second contract, and that Batchelor rendered service in the prosecution of the cause, for which he was paid a fee, and that no other contract than that shown in the reply was made with Batchelor, and that the second contract was intended by the intestate and Harrod to supersede, supplant, annul, and take the place of the former con-·tract, and that it did so.

This substitution of the later for the earlier contract could be made if such was the purpose of the parties, which it was within the province of the jury to find, and it would furnish a sufficient consideration for the new contract, whether there was such an abandonment of the former contract before anything had been done under it, or the partially performed service was completed under the new contract. See *Sargent* v. *Robertson,* 17 Ind. App. · 411, wherein, on page 415, there is a misprint in the insertion of the word "sufficient" in place of the word insufficient, in stating a familiar rule, which is correctly set forth, however, in the first clause of the syllabus. There was no error in overruling

the demurrer to the second paragraph of reply to the third paragraph of answer.

One of the grounds of a motion of the appellants for a new trial, which was overruled, was thus assigned in the motion: "The court erred in giving to the jury of its own motion instructions numbered 1, 2, 3, 4, 4 1-2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16." Where two or more alleged reasons for a new trial are thus assigned jointly, or in gross, in the motion as one of the causes for a new trial, all such reasons must be good, or such assignment of cause will not be available on appeal. *Sievers* v. *Peters Box, etc., Co.,* 151 Ind. 642, 663.

Where it is assigned as a cause in a motion for a new trial that the court erred in giving two or more instructions, specified by their numbers, such specification will not be available unless all such instructions are erroneous. *Cincinnati, etc., R. Co.* v. *Cregor,* 150 Ind. 626; *Hannan* v. *State,* 149 Ind. 81; *Masterson* v. *Slate,* 144 Ind. 240, 246; *Conrad* v. *Slate,* 144 Ind. 290, 297; *Saunders* v. *Montgomery,* 143 Ind. 185; *Lawrence* v. *VanBuskirk,* 140 Ind. 481; *Cargar* v. *Fee,* 140 Ind. 572, 577; *Indiana, etc., R. Co.* v. *Snyder,* 140 Ind. 647; *Ohio, etc., R. Co.* v. *McCartney,* 121 Ind. 385.

Where the assignment in the motion for a new trial is joint as to a number of instructions, and no argument is made as to some of them on appeal, such assigned cause for a new trial must fail. *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297, 304. In the brief for the appellants, not only is there a failure to mention some of the instructions so referred to in the motion for a new trial, but some of them are expressly approved by counsel for the appellants.

Another alleged cause in the motion for a new trial was the refusal of the court to give an instruction as requested by the appellants. This instruction was sufficiently embraced in an instruction given by the court. The judgment is affirmed with ten per cent. damages.